## LUMLEY v. CORBETT.

DEFENDANT bought ale of B. & Co., who professed to act on their own account. The ale belonged to plaintiff, and was delivered to defendant upon an order for it obtained by B. & Co. from plaintiff. Defendant paid B. & Co. for the ale, and had no knowledge of plaintiff's interest until after the ale was received and paid for: *Held,* that plaintiff cannot sue defendant for the purchase money; that the fact that the order of delivery came from plaintiff was not sufficient to give defendant notice of plaintiff's right, and that the transaction comes under the doctrines applicable to agents of an undisclosed principal contracting in their own names, who, when empowered to sell, may receive payment.

*Held, further,* that even if B. & Co. had acted expressly as agents, the payment to them would have discharged the debt, because the circumstances would have been sufficient to show their authority to receive it; that it is only in the absence of circumstances justifying it that such authority could not be inferred.

APPEAL from the Twelfth District.

It was shown on the trial that at the time of the sale and delivery of the ale by Broadhurst & Co., and for some time anterior thereto Broadhurst & Co., or rather Broadhurst, doing business under that style, was a jobber in Front street, in San Francisco, having a stock of goods in his store among which were casks of ale; and that the defendant had been in the habit of buying from him from time to time, and paying him therefor; that on the second of May, 1859, Broadhurst bargained and sold to defendant five casks of ale; that Broadhurst procured from plaintiff and gave to defendant an order for the delivery of the ale, as follows: "May the 2d, 1859, Mr. Griffing, please deliver to Mr. Corbett five hogsheads of Bass ale, ex Rapid. (Signed) George Lumley;" that Broadhurst, on the third of May, 1859, presented his bill for the ale to the defendant and was paid; that after such payment and after Broadhurst had absconded, the plaintiff called at defendant's place of business and told his clerk to tell defendant not to pay Broadhurst, which was the first time the defendant knew plaintiff claimed the ale. Defendant had judgment. Plaintiff appeals.

*Earl Bartlett,* for Appellant, cited Story's Agency, secs. 28, 56, 109, 429; Paley on Agency, by Lloyd, 279–280; 2 Kent, 796, note *b; Williams* v. *Walker,* 2 Sandf. Ch. 225; 3 Kern. 632; 7 Cal. 540.

*M. H. Furman*, for Respondent, cited Story's Agency, sec. 109, note 6; *Baring* v. *Corrie*, 2 B. & Ald. 137; *Campbell* v. *Hassell*, 1 Stark. 233; 3 Carr. & P. 352; 1 Holt, 278, in 3 Eng. Com. L. 101.

Cope, J. delivered the opinion of the Court—Baldwin, J. concurring.

This is an action to recover the value of certain ale purchased by the defendant of Broadhurst & Co., merchants in San Francisco. It appears that this ale belonged to the plaintiff, and was delivered upon his order; but in selling it, Broadhurst & Co. professed to act on their own account. The defendant had no knowledge of any other person in connection with the transaction, and was not informed of the interest of the plaintiff until he had received the ale and paid for it. The plaintiff seems to think that the order signed by him for its delivery was sufficient to put the defendant upon notice of his rights; but the answer is that the order was procured by Broadhurst & Co., and delivered to the defendant in fulfillment of their contract. The inference could only have been, that it was procured by a personal arrangement between them and the plaintiff; or, in other words, that they had purchased or otherwise obtained of him the ale necessary to meet their engagement with the defendant. The defendant could not have supposed that he was contracting with, or incurring any liability to the plaintiff, and we are of opinion that the payment to Broadhurst & Co. was sufficient to discharge whatever liability he incurred. We can regard the case in no other light than that of agents of an undisclosed principal contracting in their own names; and it is well settled that in such cases, agents employed to sell may also receive payment. If, says Story, the payment is received by the agent, and the debtor has no notice of any claim by the principal, the latter will be bound thereby. (Story on Agency, sec. 430.) "Until the principal appears," said Lord Ellenborough, in *Blackburn* v. *Scholes*, (2 Camp. 343) "the agent is to be regarded as the proprietor." There is no doubt that the law upon this subject is adverse to the right of the plaintiff to recover.

But even if Broadhurst & Co. had acted expressly in the capac-

ity of agents, we are satisfied that the payment to them would have discharged the debt. The circumstances would have been sufficient to establish their authority to receive it; and it is only in the absence of circumstances justifying it that such authority could not be inferred. The payment was made in the regular course of business, and the subsequent notification to the defendant to withhold it seems to recognize their authority to receive it.

Judgment affirmed.