E. A. REYNOLDS v. J. THOMAS & PETER SMITH, *Partners as the Citizens' Bank*.

1. NOTE, *Not to be Pleaded as a Set-Off, When.* It is necessary that a note sought to be used as a set-off should be due and owing to the defendant at the time that the original action was brought, and therefore a note upon the plaintiff, which is purchased by the defendant after the original suit was commenced, cannot ordinarily be pleaded as a set-off.

2. PRACTICE; *Note Not to be Pleaded as a Set-Off.* Where a plaintiff commenced his action before a justice of the peace, and an appeal was taken from the judgment to the district court, and with the consent of the court plaintiff files a new or substituted petition embracing the cause of action tried before the justice, the defendant cannot plead as a set-off, a note purchased by him upon the plaintiff after the original action was begun before the justice.

3. PRACTICE; *Claims Upon Plaintiff, Purchased by Defendant After Action Begun.* Where two actions are commenced by a plaintiff before a justice of the peace, against the same defendant, and appeals are taken from the judgments to the district court, and the court orders the cases consolidated, and plaintiff, with the consent of the court, files a new or substituted petition embracing both causes of action, the action is to be tried *de novo;* but the rights of the parties in the absence of supplemental pleadings are fixed as of the time of the commencement of the actions, and the defendant cannot defeat the plaintiff by claims purchased by the defendant upon the plaintiff subsequent to the commencement of the actions before the justice.

4. CHATTEL MORTGAGE; *Waiver of Public Notice of Sale.* Notwithstanding the provisions in the statute, requiring public notice of the sale of personal property under a chattel mortgage, the parties thereto, even subsequent to the execution of the chattel mortgage, may make a valid agreement for the mortgagor to waive public notice, and for the mortgagee to sell at private sale.

*Error from Shawnee District Court.*

THE nature of this action, and the facts, are sufficiently stated in the opinion. July 5, 1882, the defendants, *J. Thomas* and *Peter Smith*, partners as the Citizens' bank, had judgment against the plaintiff, Mrs. *E. A. Reynolds*, who brings the case here.

*Z. T. Hazen*, and *S. B. Isenhart*, for plaintiff in error.
*Vance & Crumrine*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On February 2, 1881, the plaintiff in error commenced an action against the defendants in error before a justice of the peace of the city of Topeka, which was tried on the 15th day of February, 1881, and in which judgment was rendered against the plaintiff and for the defendants for costs of suit. On the 16th day of February, 1881, plaintiff appealed the action to the district court of Shawnee county. On the 28th day of March, 1881, plaintiff in error commenced another action before a justice of the peace of the city of Topeka against the defendants in error, and this cause was tried on the 4th day of April, 1881, and judgment rendered in favor of the plaintiff for $87.50. On the 5th day of April following, the defendants appealed from that judgment to the district court of Shawnee county. Afterward, at the January term of the district court for 1882, and on the 4th day of January, the two cases were ordered consolidated and to be tried together. The plaintiff obtained leave to file a substituted petition covering both causes of action, and on said day filed such petition. The petition alleged that $300 was due plaintiff on account of money due and received by the defendants during the years 1880 and 1881, for the use and benefit of the plaintiff. It further alleged that the plaintiff and defendants entered into a contract in 1880, whereby plaintiff was to turn over the possession of certain mortgaged property, described in a chattel mortgage executed by her to the defendants upon the conditions that the defendants were to sell the property at private sale, and out of the proceeds take $500 in full satisfaction of the mortgage debt, and all amounts received from the sale of the property above the said $500 were to be turned over to the plaintiff; that the defendants received $1,200 upon the sale of the mortgaged property, and failed and refused to account to the plaintiff for any part thereof, and that there was due from the defendants to plaintiff the sum of $600. On the 19th day of January, 1882, the defendants filed their answer, alleging

first a general denial, and also setting forth that in 1877 the plaintiff executed a chattel mortgage on personal property to the defendants, as the Citizens' bank, to secure a large sum of borrowed money; that after the conditions of the mortgage were broken, the defendants demanded possession of the property, which was refused, and thereon they instituted an action in the district court to recover the possession of the property, but were for a long time unable to find the property, the plaintiff having run off and concealed it, so as to defeat them in their efforts to recover the same; that they were put to great expense in endeavoring to find the property; that they finally obtained a judgment against the plaintiff for the possession of the property, and afterward they entered into a contract with her, that she should surrender the possession of the property; that defendants should dispose of the same, and after paying all costs of said action and all other expenses in seeking for and trying to get possession of the property, and the expense of keeping the same out of the proceeds thereof, and $500 on the judgment, then the plaintiff was to have the residue, if any. Defendants averred that they had realized nothing from the personal property over and above the costs, expense, and their judgment. They further alleged that the plaintiff was indebted to them in the sum of $795.49, on account of notes and accounts set forth and contained in an exhibit "A" attached to and made a part of the answer. In exhibit "A" were included: "Note, E. A. Reynolds, $51.02; interest, $27.98. Note, E. A. Reynolds, $96.88; interest, $38.26." Copies of the notes were not filed as part of the exhibits, or attached to the answer. Upon the trial, defendants offered in evidence these two notes. The first was for $51.02, dated March 21, 1877, payable ninety days after date, to the order of D. T. Haines, with interest at twelve per cent. per annum from maturity until paid, executed by E. A. Reynolds and indorsed by the payee. The second note was for $96.88, dated October 2, 1878, payable sixty days after date to the order of H. W. Baker & Co., with interest at twelve per.

cent. per annum from date, executed by E. A. Reynolds and also indorsed by the payees. The plaintiff objected to the introduction of the notes as evidence, upon the ground that there was no pleading authorizing their introduction; and second, that there was no evidence when they were assigned to the defendants. These objections were overruled, and the notes read to the jury. This ruling was not erroneous. If the answer was not sufficiently specific and definite, the plaintiff by motion could have attacked it, and required copies of the notes to have been filed with the answer, as provided by the statute. Again, where there is no evidence as to the date of the indorsement of a note, the presumption of law is that it was made before maturity, and that the holder is a *bona fide* holder for value. Therefore the mere possession of the notes produced in evidence by the defendants, imported *prima facie* that they acquired them for full value in the usual course of business before maturity, and without notice of any circumstance impeaching their validity, and that they were the owners thereof and entitled to recover the full amount against the plaintiff. (*Rahm v. King Bridge Manufactory*, 16 Kas. 530.) Upon cross-examination an attempt was made by plaintiff to compel the defendants to answer what they paid for the notes — the consideration for the assignments. Objections were made by the defendants, and sustained. If the defendants were not the *bona fide* owners of the notes, proof thereof might have been given by the plaintiff, but without proof she cannot avail herself of this fact, and as she did not call the defendants as her own witnesses, the court committed no error in refusing to permit the consideration of the transfer of the notes, and the assignments thereof, to be investigated upon cross-examination.

After the conclusion of the evidence, the plaintiff requested the court to instruct the jury as follows:

"1. If you find from the evidence in this case that the notes read in evidence by the defendants were assigned to them after the commencement of these actions before the justice of the peace, then they should not be allowed by you.

"2. Unless the defendants were the owners of the notes read in evidence in this case, at or before the commencement of the actions before the justice of the peace, you should not allow them."

Upon the trial, one of the defendants testified that they did not own the notes at the time of the commencement of the actions before the justice, but got them after the actions were commenced. Upon this evidence, the instructions prayed for should have been given, as the rights of parties are fixed at the time of the commencement of the action, and cannot be changed by subsequently acquired indebtedness. It is one of the requisites of a set-off, that it should be due and owing to the defendant at the time the original action was brought, and a claim or a note which is purchased by the defendant upon the plaintiff after the original suit was commenced, cannot ordinarily be pleaded as a set-off.

It is urged by the defendants that after the petition was filed in the district court, the case was an original one in that court. As the cases were brought upon appeal, and as the substituted petition covered the causes of action commenced before the justice, although the plaintiff was entitled to have his cases tried *de novo* in the district court, the action must be determined by us as any other action appealed to the district court, where the appellate court in furtherance of justice allows amended pleadings to be made, or new pleadings to be filed. Had a supplemental petition or a supplemental answer been filed, a different question would be presented for our consideration.

It is further urged, that it is apparent that plaintiff was not entitled to a judgment, because of the inherent illegality and injustice of her claim, and because plaintiff's cause of action had not accrued when the actions were brought before the justice. These points are not well taken. The note secured by chattel mortgage was only $617.75. No proof was offered as to interest. We cannot assume it bore twelve per cent.; it may have been seven per cent. only. If running at seven per cent., as the property realized $1,034 at sale, a bal-

ance was still due to plaintiff, unless the costs and expenses consumed the total amount. The last piece of property disposed of under the chattel mortgage was sold on the 22d day of March, 1881. The second action was not commenced before the justice until the 28th day of March of that year. Again, the statute in relation to mortgages of personal property provides that the mortgagee or his assignee may proceed to sell the mortgaged property after condition broken, after having first given notice of the time and place of sale by a written or printed handbill posted up in at least four public places in the township or city in which the property is to be sold, at least ten days previous to the sale. Notwithstanding this provision of the statute, the mortgagee, by express stipulation of the mortgagor, even subsequent to the execution of the chattel mortgage, may sell the property without giving public notice of the sale, and an agreement between the parties to a mortgage to sell at private sale would be valid, even if the consideration of the agreement be that the mortgagee, on waiver of public notice, would accept a less sum than that secured. (*Harris v. Lynn*, 25 Kas. 281; *Denny v. Faulkner*, 22 Kas. 89.)

Some objection is made to the petition in error, but as no motion was filed to render the petition more definite and certain, or to strike out the case-made, we have deemed it our duty to pass upon the questions presented.

The judgment of the district court will be reversed for error in refusing the instructions prayed for by plaintiff, and the cause will be remanded for a new trial.

All the Justices concurring.