FRED ROBERTSON *et al., Appellees,* v. C. F. HOWARD, *Appellant.*

No. 16,462.

FRED ROBERTSON *et al., Appellees,* · v. FRED HOWARD, *Appellant.*

No. 16,463.

#### SYLLABUS BY THE COURT.

1. TIME—*Determination of Rights of Parties—Commencement of Action.* Except as to the computation of interest, and some other exceptional cases, the rights of the parties on a trial, in the absence of supplemental pleadings, are fixed as of the time of the commencement of the action.

2. EJECTMENT—*Parties—Grounds.* As between two parties neither of whom has a right to the possession of real estate of which one is in possession, the other can not oust him therefrom.

Appeal from Rawlins district court. Opinion on rehearing, filed December 10, 1910. First opinion (*Robertson v. Howard,* 82 Kan. 588) reversed (in part).

*J. P. Noble, L. H. Wilder, T. F. Garver,* and *R. D. Garver,* for the appellants.

*John E. Hessin,* and *Fred Robertson,* for the appellees.

The opinion of the court was delivered by

SMITH, J : To the opinion filed on the former hearing of this case (*Robertson v. Howard,* 82 Kan. 588) is appended a copy of the findings of fact and conclusions of law of the court below. The time of the commencement of the action, with reference to the discharge of the trustee in bankruptcy and the discharge of the bankrupt from his debts, was not called to the attention of the court and was overlooked in the decision. This fact seems to be very important; indeed, determinative of the case.

A transfer of the certificates was attempted to be

made by Henry Frauman, the purchaser of the certificates at the trustee's sale, on July 19, 1905. This sale was held to be invalid and to convey to Frauman no interest in the real estate in Kansas, hence his attempted assignments of the certificates was invalid, and we adhere to that view.

On June 19, 1907, the bankrupt (Hagener) and his wife executed to one of the appellees a quitclaim deed to the land, and an assignment of the certificates and of their rights to the rents and profits. This grantee, about the same time, assigned a one-half interest therein to his co-appellee.

This action to recover possession of the land was commenced July 12, 1907, while the trustee in the bankruptcy proceedings was in full control of the estate of the bankrupt, including this land, and continued so to be until November 20, 1907, when he was discharged. On this date the bankrupt was also discharged from all of his debts. A trial was had sometime after the last-mentioned date, but no supplemental pleadings were filed.

It was said in *Reynolds v. Thomas,* 28 Kan. 810:

"But the rights of the parties in the absence of supplemental pleadings are fixed as of the time of the commencement of the actions." (Syllabus, ¶ 3.)

(See, also, 1 A. & E. Enc. L. & P. 1079, art. 12.)

This rule seems especially applicable to this case. In the matter of the computation of interest on a debt sued on we believe it is the general rule to allow interest, in case of recovery, to the time of trial. There are probably other exceptional cases where equity would adjust subsequently accruing rights; also where the parties to an action have, without objection, tried out and thereby submitted to the court subsequently accruing claims for adjudication. In this case, however, no reason appears for departing from the general rule.

Section 70 of the federal bankruptcy act of 1898 (3

U. S. Comp. Stat. 1901, p. 3451, § 70) provides, in substance, that the trustee of the estate of a bankrupt, upon his appointment and qualification, shall be vested by operation of law with the title to the property of the bankrupt as of the date he was adjudged a bankrupt, except as to property which is exempt. Hence the title and right of possession to this property was in the trustee at the time of the execution of the quitclaim deed and assignment to the appellees, and also at the time of the beginning of this action, and the trustee had the power for more than four months thereafter, under the orders of the court, to sell the property and convey the right of possession thereof. It follows that neither the bankrupt nor the appellees had any right to the possession of the property at the time of the commencement of this action. If, therefore, the appellees' rights are to be determined, as we hold they should be, upon the facts existing at the time of the commencement of the action, they were not entitled to recover the possession of the property, even against one who had simply the naked possession thereof. As between two parties neither of whom has a right to the possession of real estate, of which one is in possession, the other can not oust him therefrom.

The proposition of law stated in the fifth paragraph of the syllabus in the former decision is seriously questioned, and it is also contended that *Bird v. Philpott,* 69 L. J., n. s., Ch. Div. 487, and *In re Evelyn,* 63 L. J., n. s., Q. B. Div. 658, which were followed in the former decision, were based upon the English bankruptcy act of 1883, and not upon the common law as in force in this country. While we are inclined to believe the proposition correct as stated in the syllabus, it can only be so regarded with this limitation, at least: that the grantee of the bankrupt can not make his acquired right the basis of a cause of action until after the trustee in bankruptcy is discharged, the bankrupt is discharged of his debts, and the bankruptcy proceedings

are closed. It would be an intolerable interference with the administration of justice in a bankruptcy court to allow the bankrupt, who had devested himself of the title to his property, to be dickering in regard to a possible reversionary interest in such a manner as to embarrass the trustee in selling the property and conveying the right of possession thereto.

For the reasons stated, the judgment of the court below is reversed and the case is remanded, with directions to render judgment in favor of the appellants.