No. 24,453.

THE DEERFIELD STATE BANK, *Appellee*, v. W. O. COERBER, *Appellant*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Not Varied by Previous Oral Agreement.* An oral agreement by the payee of a note made before its execution that the maker shall not be required to pay it until such time as should be convenient for him is unavailable to defeat an action brought upon it at its maturity.

2. SAME—*Note May Be Extended by Oral Agreement upon Valid Consideration.* An oral agreement between the parties to a note extending the time of its maturity is valid, the promise on the part of the maker to continue the payment of interest until the new date fixed being a sufficient consideration for the promise of the payee to forbear suit for the intervening period. The answer is held by a liberal construction to set out such an agreement.

3. SAME—*Cross-demand—Damages Growing Out of a Wrongful Attachment.* Under the present code defining a set-off as a cause of action for the recovery of money, a claim for damages on account of a wrongful attachment may be used as a cross-demand in the action in which the attachment order was issued, but only where it is set out in a supplemental answer filed by leave of court, inasmuch as it is only by such permission that matters occurring since the beginning of the action can be effectively pleaded.

4. SAME—*Verified General Denial—Issues.* In an action on a note by the payee a verified general denial does not put in issue the plaintiff's ownership of the note or the amount due upon it.

Appeal from Kearny district court; CHARLES E. VANCE, judge. Opinion filed May 12, 1923. Modified.

*Fred J. Evans, Robert S. Field,* and *R. W. Hoskinson,* all of Garden City, for the appellant.

*William Easton Hutchison, C. R. Hope,* and *A. M. Fleming,* all of Garden City, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Deerfield State Bank sued W. O. Coerber upon a note. In his answer he undertook to set out two defenses—an extension of time of payment and a cross-demand for damages for a wrongful attachment in the same action. A reply was filed consisting of a general denial. Upon the case being called for trial the plaintiff moved for judgment in its favor upon the pleadings. The motion was sustained and the defendant appeals.

1. The defendant pleaded that before he executed the note to the bank it promised that he should not be required to pay the

indebtedness for which it was given until such time as was convenient for him, and this promise is relied upon as a defense. No suggestion is made that the promise was in writing, and as an oral agreement it is of no avail against the express terms of the note subsequently signed, by which the maker contracted to pay at a specified time. (*Bank v. Staab*, 102 Kan. 369, 171 Pac. 3; 8 C. J. 740.)

2. The answer also contained allegations that on October 18, 1921, the defendant paid the interest on the note to that date, and also paid the plaintiff 60 cents for revenue stamps to be attached to a renewal note to mature in 90 days, and 35 cents as a recording fee for a new mortgage securing it; that the plaintiff agreed to renew the note as soon as the papers could be prepared; that the defendant later called at the bank to execute the new papers but they had not been prepared; and that by reason of the agreement referred to the "indebtedness was extended for a period of ninety days from October 18, 1921, and . . . the same . . . was not due at the time of filing this action."

The answer, having been challenged only by a motion for judgment made after the case had been called for trial, must be interpreted liberally in favor of the pleader. So construed it sufficiently alleges not merely that the parties agreed that the note should be extended, but that an extension of time was actually accomplished by the oral agreement, the purpose of the proposed execution of new papers being merely to make the record conform to the fact. Apart from the payment of the money for the revenue stamps and recording fee, the implied promise of the maker to continue the payment of interest until the date named was a sufficient consideration for the promise of the payee to forbear action for the period covered. (*Lorimer v. Fairchild*, 68 Kan. 328, 75 Pac. 124; 8 C. J. 438-9.) This part of the answer therefore stated a good defense on the ground that the action was prematurely brought.

3. Under the law as it existed before 1909 an objection by an attachment plaintiff to the trial in the same action of a claim for damages for wrongful attachment was good upon the ground that such a cross-demand was not a counterclaim because it did not arise out of the same transaction, and was not a set-off because it was not founded on a contract or judgment. (*Carver v. Shelly*, 17 Kan. 472.) Under the present code (§ 100) a set-off need not arise upon contract, the only requirement being that it shall be a cause

of action for the recovery of money. However, the occurrences upon which the cross-demand here involved was founded took place after the action was begun, and could only be made available as a basis for relief therein by being set out in a supplemental pleading filed by leave of the court. (Civ. Code, § 145.) If the trial court had given effect to the pleading of the set-off this would amount to the granting of such permission, but inasmuch as the answer was held to state no defense the averments of matters occurring after the action was begun must be deemed to have been properly disregarded. (*Robertson v. Howard*, 83 Kan. 453, 112 Pac. 162; *Oil & Gas Co. v. Wasson*, 111 Kan. 124, 206 Pac. 320.) This application of the rule may seem somewhat technical, but hardly more so than the defense pleaded with respect to the ninety days' extension of time, inasmuch as that period had expired before the case was called for trial.

4. The answer was verified but admitted the execution of the note. The defendant says in his brief: "It contained a general denial of all the allegations of the petition. It therefore put in issue every material allegation of the petition, except such allegations as the remaining portion of the answer should specifically admit. It admitted the execution of the note and mortgage, but did not admit that the plaintiff was the owner of the note at the time of the commencement of the action, or that there was due on the note the amount claimed in the petition. These allegations remained to be established by the proof outside the pleadings." The execution of the note being admitted and the payee being the plaintiff the general denial raised no issue as to its ownership or the amount due upon it. There is no presumption of a transfer of ownership or of a payment, and neither was available as a defense without being pleaded.

The judgment is modified, the ruling for judgment in favor of the plaintiff on the pleadings being affirmed so far as relates to the set-off and reversed with respect to the plea regarding an extension of time of payment. There would seem to be little purpose now in trying the question whether the action was prematurely brought, and the policy of the law is against a multiplicity of suits. It is of course competent for the trial court to authorize a supplemental petition setting out the subsequent maturity of the note. (*The State, ex rel., v. Railroad Companies*, 85 Kan. 649, 654, 118 Pac. 872) and a supplementary answer pleading the set-off.