No. 26,081.

CHICAGO GREAT WESTERN RAILROAD COMPANY, *Appellant,* v. C. J. LOWRY and B. F. MILLER, Copartners, etc., as ELGIN GARAGE, and JOHN A. WOLFE, *Appellees.*

SYLLABUS BY THE COURT.

CARRIERS—*Delivery to Wrong Person—Recovery from Innocent Purchaser.* A railroad company which negligently delivers an automobile to a person other than the consignee without receiving the bill of lading therefor cannot afterward in an action in replevin recover the automobile from one who has innocently purchased it from the person to whom it was delivered by the railroad company nor from one who has a chattel mortgage on the car given by the person to whom it was delivered to secure the payment of promissory notes given by him and acquired by the holder in due course.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed October 10, 1925. Affirmed.

*A. L. Berger,* of Kansas City, and *Walter H. Jacobs,* of Chicago, Ill., for the appellant.

*Edwin S. McAnany, Maurice L. Alden, Thomas M. Van Cleave, David F. Carson* and *James T. Cochran,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action in replevin for a gasoline motor truck. Judgment was rendered for the defendants, and the plaintiff appeals.

The case was tried by the court on an agreed statement of facts, in substance as follows: The truck was shipped over the plaintiff railroad by the Attebury Motor Car Company under a bill of lading, which with sight draft attached was sent to the First National Bank of Kansas City, Mo., for collection. The bill of lading designated the Attebury Motor Car Company, at Kansas City, Mo., as consignee, and was marked "Notify Denmo-Kansas Sales Company." The draft was not paid, and the bill of lading was not received by

---

1. Carriers, 10 C. J. § 383; 38 L. R. A. 358; 4 R. C. L. p. 840.

Chicago G. W. Rld. Co. v. Lowry.

the Denmo-Kansas Sales Company, but was returned to the Atte-
bury Motor Car Company. After the truck arrived in Kansas City
the plaintiff notified the Denmo-Kansas Sales Company as directed
in the bill of lading, and one of the employees in the freight depart-
ment of the plaintiff railroad delivered the truck to Louis S. Frith
without receiving or asking for the bill of lading. Frith when he
received the truck was acting either for himself or as the repre-
sentative of the Denmo-Kansas Sales Company. Neither Frith nor
the Sales company ever paid for the truck. Frith executed to the
Sales company a series of notes secured by a chattel mortgage on
the truck. The notes and mortgage were subsequently negotiated
and were purchased by the Empire Security Company for value and
in good faith in the ordinary course of business. Frith and the Sales
company sold the truck to F. H. Grippen, who paid $1,250 for it,
but at the time he paid for the truck it was not delivered to him.
It remained in the possession of Frith and the Sales company.
Later, upon Frith driving the truck to Kansas City, Kan., the de-
fendant Wolfe, as sheriff of Wyandotte county, levied an attach-
ment on the truck, issued in the case of *Grippen v. Denmo-Kansas
Sales Company and Louis S. Frith.* The Empire Security Company
intervened, setting up the notes secured by the mortgage on the
truck. In that case the court ordered the truck sold and the pro-
ceeds applied first to the lien in favor of the Empire Security Com-
pany in the sum of $2,148.44, and second to the judgment of F. H.
Grippen for $1,250, the amount he had paid for the truck. The
plaintiff railroad was not a party to the action of *Grippen v. Denmo-
Kansas Sales Co. et al.* The truck was in the possession of the de-
fendants Lowry and Miller in the Elgin Garage, under the attach-
ment levied by defendant John A. Wolfe, the sheriff of Wyandotte
county, when this action was commenced by the plaintiff.

The plaintiff urges that it had a special ownership in or title to
the truck as against any other person, "which would have sustained
an action for damage to the property or an action to recover pos-
session wrongfully withheld from it"; but the defendants argue
"that a *bona fide* purchaser in such a case for value and without no-
tice will be protected is established by the authorities generally."

In 10 C. J. 269 the writer says:

"A carrier who has negligently delivered goods to a vendee of the shipper
without collecting the purchase money as should have been done, or without
requiring the production of the bill of lading, cannot recover them from a
*bona fide* purchaser of the vendee."

A footnote to the above quotation refers to *Railroad v. Barnes,* 104 N. C. 25, where that court said:

"A sold to B a buggy, and delivered it to a common carrier to be delivered to B upon the payment of the price; the carrier negligently permitted B to obtain possession without paying the price; and while in possession, B sold to C, who was a purchaser for value without notice: *Held:*

"1. That as soon as the vehicle was delivered to the carrier the right of property passed to the vendee, but the right of possession remained in the vendor until the price was paid.

"2. That by the negligent conduct of the vendor and his agent, the carrier, the right of property and the right to possession became united in C, and neither the vendor nor the carrier could maintain an action to recover the property.

"3. But if the original contract had been one in which no title passed, a purchaser for value and without notice would not have been protected." (Syl.)

In *Luzadder v. Hale,* 118 Kan. 85, 233 Pac. 1046, this court said:

"A purchased an automobile in his own name with money furnished by B. B permitted A to have possession of the automobile, with all *indicia* of title indicating absolute ownership in A. *Held,* B was estopped from denying A's authority to mortgage the automobile to C, who acted in good faith upon A's possession and *indicia* of title." (Syl.)

The plaintiff, through its negligence, wrongfully delivered the car to Frith. Frith then mortgaged it to the Denmo-Kansas Sales Company, which afterward transferred the mortgage and the notes it secured to an innocent purchaser. Thereafter Frith and the Sales Company sold the truck to a person who did not have any notice or knowledge of the manner in which Frith obtained possession of the truck. The plaintiff desires to be relieved from the consequences of its negligence and place those consequences on the innocent holder of the notes and mortgage and the *bona fide* purchaser of the truck. As between the plaintiff and the holder of the mortgage and as between the plaintiff and the purchaser of the ·truck, the plaintiff should suffer the loss, because by the negligence of the plaintiff it became possible for the holder of the mortgage and for the purchaser of the truck to assume those relations innocently. This brings the case within the principle that where one of two innocent parties must suffer, he whose conduct made it possible for the injury to occur should sustain the loss occasioned. (10 C. J. 269; *Savings Bank v. A. T. & Santa Fe Rld. Co.,* 20 Kan. 519; *Kohn v. Watkins,* 26 Kan. 691, 701; *Sawyer v. Symns;* 39 Kan. 148, 17 Pac. 799; *Rose v. Douglass Township,* 52 Kan. 451, 453, 34 Pac. 1046.)

The judgment is affirmed.