No. 29,299.

Jesse Starkey, Trustee (substituted for H. J. Egelston, Trustee of the Alma Produce Company of Alma, Nebraska, Bankrupt), *Appellant*, v. The Almena State Bank, *Appellee*.

(287 Pac. 251.)

Opinion filed May 3, 1930. 

*P. E. Boslaugh, Edmund Nuss,* both of Hastings, Neb., and *J. G. Thompson,* of Alma, Neb., for the appellant.

*A. W. Relihan, T. D. Relihan* and *J. T. Reed,* all of Smith Center, for the appellee.

The opinion of the court was delivered by

JOCHEMS, J.: This suit was brought by the plaintiff as trustee in bankruptcy for the Alma Produce Company, a corporation of Alma, Neb., against the defendant for the conversion of property. The defendant prevailed, and plaintiff appeals.

The petition of plaintiff alleged that on April 14, 1926, a petition in bankruptcy was filed against the Alma Produce Company of Alma, Neb., which was a corporation organized under the laws of that state, and on May 7, 1926, it was adjudged bankrupt; that until about April 6, 1926, the Alma Produce Company had been engaged in conducting a general produce business in Almena, Kan., under the name and style of the Almena Produce Company, and that the business so conducted was in fact owned and managed by and was a part of the assets of the Alma Produce Company of Alma, Neb.; that on or prior to April 13, 1926, the Alma Produce Company was the owner and in possession of, and entitled to the possession of, certain personal property located in Almena, Kan., which property consisted of poultry and eggs, alleged to be of the fair market value of $3,064.75. Plaintiff further alleged that the defendant, without the consent of the Alma Produce Company or anyone in authority to act for it, had wrongfully and illegally taken possession of the personal property described in the petition, sold the same and converted the proceeds thereof to its own use and benefit; that at the time the defendant so took possession of the property and sold it the Alma Produce Company was insolvent and had failed and discontinued its business, all of which was well known to the defendant; that the personal property had been converted to the use of defendant with full knowledge of the insolvency of the Alma Produce Company.

The defendant answered admitting the incorporation of the Alma Produce Company, the appointment of the trustee in bankruptcy and that on April 8, 1926, the Alma Produce Company was insolvent. Defendant further admitted that it sold the goods and chattels described in plaintiff's petition for the sum of $2,903.89, and deposited the proceeds to the credit of the Almena Produce Company in defendant's bank. It further alleged that on April 13, 1926, the Almena Produce Company was indebted to the defendant bank in the sum of $3,237.40 and that the proceeds derived from the sale of the personal property were set off against the matured debt of that company. It further alleged that the Almena Produce Company was in fact a partnership composed of George Doan and Verle Doan, his son, and that the name Almena Produce Company was the trade name of said Doans; that it was represented to the defendant that the Almena Produce Company was independent of the Alma Produce Company and that the two concerns were separate and distinct entities. Defendant alleged further that the Alma Produce Company, a corporation,. had no authority to carry on business under another or different name and had no authority to transact business in the state of Kansas, and that it never had carried an account with the defendant; that the Almena Produce Company did not hold itself out or transact business as a branch of the Alma Produce Company of Nebraska.

Upon these issues the case was tried to the court without a jury. The court made the following findings in the journal entry of judgment:

"1. The court finds that the allegations of the plaintiff's petition are not true, and that the allegations of the defendant's answer are true.

"2. That the personal property described in the petition of the plaintiff which it was alleged was the property of the Alma Produce Company and that the same was wrongfully converted to the use of the defendant, was not at any time the property of the said Alma Produce Company, but was at all times the property of the Almena Produce Company, a copartnership composed of Verle Doan and George Doan.

"3. That the said Verle Doan at all times represented to the defendant bank that he and his father, George Doan, were the owners of said personal property referred to in the petition; that said bank believed them to be the owners thereof and extended credit as alleged in the answer on the strength of their said claim of ownership of said property, all with the knowledge and consent of the said officers and directors of the said Alma Produce Company, and the said Alma Produce Company and its trustee are estopped to claim ownership to said property as against defendant bank.

"4. That the defendant received from the sale of the property described in the petition the sum of $3,188.74; that the defendant bank was entitled to set off as against said sum an overdraft held on the books of said bank against the Almena Produce Company in the sum of $3,021.72, leaving a balance due to Doan of $167.02, which is evidenced by an outstanding cashier's check, which should be canceled unless Doan assigns same to trustee of Alma Produce Company."

It appears from the evidence that in 1924 one George Doan and his son Verle, of Alma, Neb., were engaged in the management of the Alma Produce Company, of Alma, Neb., a corporation; that the father was director and general manager and the son assisted in the management; that some time in April of that year the two Doans established a business at Almena, Kan., under the name of the Almena Produce Company, which, according to the evidence, was advertised as "The Almena Produce Company, Not Incorporated." To establish this business the father furnished the son money and the son came to Almena and became manager of the Almena Produce Company. At the time the business was started in Almena the son, Verle Doan, deposited $2,000 in the defendant bank— $1,000 on April 1, 1924, and $1,000 on April 7, 1924. The business at Almena continued under the management of Verle Doan until about April, 1926, during which time it did all of its banking with the defendant and frequently received credit from the defendant by reason of the bank honoring checks issued to purchasers in payment of produce. From time to time the bank permitted overdrafts in this manner to be incurred by the Almena Produce Company. On numerous occasions during his lifetime George Doan (who at the time of this litigation was deceased) came to Almena. He was introduced by the son to officers of the defendant bank. The business activities, however, were principally handled and managed by the son Verle. It appears from the testimony of officers of the defendant bank that at the time the Almena Produce Company was established, and at numerous times during the following two years, it was represented to the officers of the bank by Verle Doan that the company was a copartnership composed of himself and his father, George Doan; that the father had furnished the money and the son managed the business and that they were equal partners; that sometime they intended to incorporate the company. It appears that at all times the defendant bank believed the Almena Produce Company to be a copartnership and extended credit on that basis. Further, that the Almena Produce Company established a branch

at Phillipsburg, Kan., and operated it under the name of the Almena Produce Company. Its property was listed for taxation as the property of the Almena Produce Company. It made statements to the bank that it owned the property in its possession and put out a calendar printed and used for advertising purposes upon which its name appeared as "The Almena Produce Company, Not Incorporated." The officers of the defendant bank testified that they had never heard, prior to the time the last overdraft was permitted, that the Alma Produce Company of Alma, Neb., claimed the Almena Produce Company as a branch or that it claimed ownership of the Almena company.

The indebtedness to the defendant bank grew out of the fact that the bank had permitted the Almena Produce Company to overdraw its account in the purchase of produce and poultry. The Almena Produce Company then drew drafts on the Alma Produce Company of Nebraska for $3,000 which were turned down when presented, due to the fact that when these drafts arrived the Alma Produce Company had become insolvent. It further appears from the evidence that Verle Doan was not in charge of the Almena Produce Company on April 12, 1926, the date the drafts were turned down, but the business was then in charge of one Jim Vculek. When the drafts were returned the officers of the bank asked Vculek whether or not it would be all right for them to take charge of the assets of the Almena Produce Company, sell the same and apply the proceeds to the overdraft. He replied that it would be all right with him, but that they should call Doan. One of the officers of the bank then called Doan at Alma, Neb., and asked him whether they could sell the merchandise and apply the proceeds. He answered that the bank could not do that because he had already sold the merchandise. Doan told him to talk to his attorney. The attorney stated to the officer of the bank: "I will neither give you permission nor deny you permission. You use your own judgment."

The appellant strongly contends that the testimony of the officers of the bank to the effect that the son, Verle Doan, had represented to them that the Almena Produce Company was a copartnership, was not sufficient, and that the finding of the court upon this issue cannot stand because upon the trial Verle Doan denied that he had made such a statement and denied that it was a copartnership, testifying that it was a branch of and its assets belonged to the Alma Produce Company, a corporation. The appellant contends

that the fact that defendant was led to believe the property converted by it belonged to a third person or entity was no justification for converting it where in fact it belonged to the Alma Produce Company. It makes the further contention that the defendant had no consent from anyone in authority connected with either the Alma company or the Almena company and that to permit the defendant to prevail in this case would be to permit it to gain a preference over the other creditors of the bankrupt corporation.

The court found the facts as above noted and we believe the evidence is sufficient to justify its findings.

The testimony of the officers of the bank substantiated the allegations of their answer. It should be noted that the only evidence offered by the plaintiff that the property was owned by and belonged to the Alma Produce Company was the testimony of Verle Doan, who stated that the Almena company was not a copartnership as claimed by the defendant; that it was a branch of and owned by the Alma Produce Company and that the property taken by the defendant bank was the property of the Alma Produce Company. In his testimony he admitted, however, on cross-examination that he had never listed any of the property for taxation as being the property of the Alma Produce Company, but that he had listed it as belonging to the Almena Produce Company. Of course, the burden of proof was upon the plaintiff to establish to the satisfaction of the trier of the facts that the property belonged to the Alma Produce Company. The court found against the claims of the plaintiff, and there being sufficient evidence upon which to base his findings the decision must stand.

It is to be noted that if the property of the Almena Produce Company ever did belong to the Alma Produce Company, a corporation, that there is nothing in the record to show any course of dealing between the two concerns to establish that contention. It would appear that if the Almena concern was a branch of the Alma company it would be manifest that from month to month there would be transactions between the companies which would appear on the books and records of the corporation. It would seem that from month to month, or at least annually, there should be some accounting from the Almena concern to the Alma company. Further, it is argued with great force by the appellee that if the property of the Almena company did belong to the corporation that the corporation never had any authority to operate in this state as a corporation,

and also had no authority to operate under a name other and different from that under which it was originally incorporated, and that if it permitted some of its agents or employees to hold out the Almena company as a copartnership it and its creditors are estopped under the facts as shown in the record. We believe that this position is well sustained by authority.

Against the claims of the appellant the appellee summarizes the testimony thus:

That the same Verle Doan who testified on the trial that the Alma Produce Company owned the property taken by the defendant bank told every officer of that bank that the Almena Produce Company was a copartnership owned by his father, who furnished the money, and by himself, who managed the Almena Produce Company until a few months prior to the conversion of the property; he advertised it in the name of the Almena Produce Company in the newspapers; he distributed a calendar for advertising purposes in the name of "Almena Produce Company, Not Incorporated." He established a branch office at Phillipsburg, not of the Alma Produce Company but of the Almena Produce Company; he deposited money not in the name of the Alma Produce Company but of the Almena Produce Company. He listed no property for taxation in the name of the Alma corporation but in the name of the Almena company. He made statements to the bank that the property was owned by the Almena Produce Company. He obtained credit at the bank on the strength of representations as to ownership. Further, the Alma corporation had never obtained permission of the state of Kansas to do business therein. All of these things were permitted by the Doans, who were officers and one of whom was a director of the Alma Produce Company.

Under these conditions the trial court properly found that the plaintiff was estopped from claiming the property taken by the defendant. In 21 C. J. 1172, § 177, the text reads:

"Where the true owner of property holds out another, or allows him to appear as the owner of or as having full power of disposition over the property, and innocent third persons are thus led into dealing with such apparent owner or person having such apparent power of disposition, they will be protected. However indisputable were the intentions of the owner not to surrender his ownership, when he has surrendered the possession and exhibited the person who has that possession to the world as one having the power to dispose of the property, he will not be heard against an honest buyer who has acted upon the confidence imprudently reposed by the owner."

See, also, *Luzadder v. Hale,* 118 Kan. 85, 233 Pac. 1046; *Chicago-G. W. Rld. Co. v. Lowry,* 119 Kan. 336, 239 Pac. 758.

The appellant discusses at some length the question which was raised in the pleadings of the defendant to the effect that inasmuch as the corporation had not been licensed to do business in Kansas the plaintiff as trustee in bankruptcy did not have authority to bring this action in Kansas. The appellee states that this point was abandoned on the trial, and at any rate it is not good. The evidence as to the fact that the corporation was never licensed in Kansas does, however, have a strong bearing upon the question of estoppel.

The appellant further raises this question: Where a person has converted the property of an insolvent, for the purpose of acquiring preference, can he set off the indebtedness due him in an action by trustee in bankruptcy for such conversion of the property? Under this heading the appellant argues that inasmuch as after the drafts were turned down the officers of the bank then called Mr. Doan and the attorney of the Alma Produce Company, that the information thus given them, as hereinbefore set forth, was such that thereafter when the bank took charge of the property and converted it to the payment of the indebtedness of the Almena Produce Company it stood in the position of a creditor of the bankrupt who had received a preference within the four-months period, and that having so received payment of its claim within the four-months period it had no right to set off the proceeds so received against the indebtedness of the Almena Produce Company.

The trouble with this contention is that the court found, under the evidence, that the property did not belong to the corporation, but that it belonged to the copartnership. The substance of what was said to the officer of the bank who telephoned was that neither Doan nor the attorney could give the bank any authority to proceed to sell the assets. There was not in that conversation any absolute claim of ownership on behalf of the Alma Produce Company, and even if there had been their statements then, after the bank had already extended credit to the supposed partnership, would not have been binding upon the bank. At any rate that issue was tried out before the court and it found that the property belonged to the copartnership and not to the corporation. So, regardless of any claim of Doan or his attorney in the telephone conversation, no preference to a creditor of the bankrupt was established.

The appellant further cites some authority on the proposition

that in an action sounding in tort the defendant cannot plead by way of set-off an action on its part for the recovery of money. This was formerly the law in this state but is so no longer. R. S. 60-713 provides:

"A set-off can only be pleaded in an action in which a recovery of money is sought and must be a cause of action for the recovery of money."

See, also, *Deerfield State Bank v. Coerber,* 113 Kan. 498, 215 Pac. 285.

Since no error appears in the record and the evidence is sufficient to uphold the finding of the trial court, the judgment must be affirmed.

The judgment is affirmed.