No. 37,722

E. B. KEEFER, *Appellant,* v. V. L. SPOHRER and MRS. V. L. SPOHRER, his wife, whose christian name is to plaintiff unknown, *Appellees.*

(212 P. 2d 230)

Opinion filed December 10, 1949.

*Payne H. Ratner, Donald C. Allen, Charles F. McClintock, Richard B. Clausing* and *Louise Mattox,* all of Wichita, were on the briefs for the appellant.

*O. W. Helsel, J. Roderick Mayall* and *Robert C. Helsel,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

ARN, J.: This is an action by a tenant of city property to recover from his landlords $300 as the unearned portion of $450 rent paid in advance under a six months' oral lease, which lease the tenant surrendered four months prior to its termination. Trial was had by the court, and after making findings of fact and conclusions of law, judgment was rendered for the defendant landlords, and plaintiff appealed.

Appellees were the owners of a house and lot in a residential section of Wichita and on August 15, 1947, the appellant, by an oral lease, became the tenant of appellees for a period of six months (August 15, 1947, to February 15, 1948), and paid in advance the sum of $450 which represented six months' rent at $75 per month. Also on August 15, 1947, appellant moved in and took possession of the premises. During the latter part of September, 1947, appellant lost his employment in Wichita and found new employment in the state of Michigan, which necessitated moving his residence to that state. He thereupon requested that appellees return to him the unused

portion of the advance rent in the amount of $300. Appellees refused this request. Apparently the appellee landlords did at this time orally agree with appellant that he could sublet the premises to a third party by the name of Heyne, but a day or two later the appellees advised appellant that the Heynes were not acceptable as tenants and that appellees would not permit appellant to sublet the premises. On October 6, 1947, appellant moved out of the premises and on October 7, 1947, he filed this action seeking to recover the advance rent he had paid for the period from October 15, 1947, to February 15, 1948. On November 12, 1947, appellees sold the premises in question to one Coleman who took possession of and occupied said premises as the owner thereof from November 12, 1947, to and beyond February 15, 1948, the expiration date of the oral lease.

Appellant contends: (1) He had a legal right to sublet the premises under the authority of *Leslie v. Sherman,* 157 Kan. 157, 139 P. 2d 133;

(2) There was a surrender of the oral lease by operation of law on October 6, 1947, and the landlords were obligated to refund rent paid in advance for the period from October 15, 1947, to February 15, 1948; and

(3) That in any event, the landlords must refund the rent received by them for the period from November 12, 1947, to February 15, 1948, that being the period during which the premises were actually occupied by the new purchaser Coleman.

With respect to the merits of the case appellees contend:

(1) That payment of rent by the tenant six months in advance was voluntary; that it was advanced by the tenant at his own suggestion and not pursuant to the oral contract; and that such a voluntary payment is not recoverable; and

(2) That the right of a plaintiff to recover is as of the time the petition was filed, and when the petition in the instant case was filed on October 7, appellant had no right to recover.

A tenant for any term less than two years cannot sublet to another tenant unless the landlord consents thereto in writing. G. S. 1935, 67-511 provides:

"No tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest or any part thereof to another without the written consent of the landlord or person holding under him."

Appellant cites *Leslie v. Sherman,* supra, in support of his conten-

tion that he had a legal right to assign the remaining term of his oral lease in the instant case. However, an examination of the cited case makes clear that it involved a lease for more than two years and therefore G. S. 1935, 67-511, was not controlling. The instant case is controlled by that statute, and a lease for six months, either oral or written, may not be assigned or transferred without the written consent of the landlord.

There is no merit to appellees' argument that the six months' rent was advanced voluntarily by the tenant and was not one of the considerations for the oral lease. The answer filed by the appellees alleges that the oral lease was made *"for an agreed rental of $450 payable in advance."*

Appellant's theory that there was a surrender of the premises by operation of law, particularly after the appellee landlords sold the premises on November 12, 1947, might be of greater force if this were an action concerning an attempt by the landlord to recover the stipulated rent from the tenant. But that is not this case. The trial court made findings of fact about which there is no disagreement, indicating that appellant voluntarily gave up possession of the rented premises, that appellees were left without a tenant and expended a substantial sum in travelling from their home in Oklahoma to Wichita to find another suitable tenant. When appellant voluntarily vacated the leased premises on October 6 and filed this action on October 7, he had no right as of that time to recover the unearned portion of the six months' rent he had paid in advance. At that time it could not be determined whether or to what extent appellees would suffer damage by reason of appellant's vacation of the premises and breach of his oral lease. Even though appellees were bound to make an effort to mitigate their damage, it could not be determined on October 7 whether or not they would do so. On October 7, 1947, the date this action was commenced, appellant had the right to possession of the premises and he had sustained no damage. Other than in some exceptional cases, a plaintiff's right to recover, if any, is to be determined as of the time the action is commenced (*Reynolds v. Thomas* [Syl. ¶ 3], 28 Kan. 810; *Robertson v. Howard* [Syl. ¶ 1], 83 Kan. 453, 112 Pac. 162; *Wamberg v. Hart* [Syl. ¶ 1], 121 Kan. 218, 246 Pac. 1010; see, also, annotation in 125 A. L. R. 612). Appellant's action was commenced when he filed his petition herein on October 7, 1947, and since he had no right of action against the appellees on that date, his action must fail.

We have not overlooked appellees' arguments that this appeal should be dismissed because appellant made no objections to the findings of fact made by the trial court and filed no motion for a new trial. However, the basis of this appeal is that the judgment rendered by the trial court is not as a matter of law warranted by the findings made herein. That proposition raises a question of law and does not require a review of the evidence, nor a review of the record for trial errors. A motion for new trial was not necessary to raise the single question of law as to whether the facts as found by the trial court require a judgment in favor of one party over the other.

We have, therefore, considered the appeal upon its merits, and being unable to find any error requiring a reversal, the judgment of the court below is affirmed.