**STATE EXCH. BANK OF ELK CITY v. NATIONAL BANK OF COMMERCE OF ST. LOUIS, MO., et al.**

No. 8112—Opinion Filed July 23, 1918.

(174 Pac. 796.)

**1. Parties—Misjoinder—Demurrer.**

A misjoinder of parties or excess of parties cannot be taken adventage of by demurrer, but can only be reached by motion filed before joint issues on the merits.

**2. Pleading—Misjoinder of Causes—Demurrer — Objection to Introduction of Evidence.**

A misjoinder of causes of action can only be reached by special demurrer setting forth distinctly the grounds of objection, and cannot be met by general demurrer or by objection to the introduction of evidence.

**3. Parties — Pleading — Misjoinder — Waiver.**

If one who is made a party to a cause of action appears and answers a cross-action against him without objection to being made a party or to misjoinder of causes of action, he will be deemed to have waived all objections, except that the facts alleged are not sufficient to state a cause of action against him.

**4. Pleading — Demurrer — Waiver — Evidence.**

A pleading containing a general denial and also matter in the nature of a general demurrer will be treated as an answer and the demurrer will be considered as waived; and, if the pleading attacked by fair legal intendment states a cause of action, though defectively stated, an objection to the introduction of testimony will be overruled.

**5. Bills and Notes—Indorser's Liability—Warranties—"Qualified Indorser."**

One who indorses a promissory note without recourse is a qualified indorser and warrants to subsequent bona fide holders: First, that the instrument is genuine and what it purports to be; second, that he has a good title to it; third, that all prior parties had capacity to contract; fourth, that he has no knowledge of any fact which would impair its validity or render it valueless. He cannot, in action in which he is made a party brought by a subsequent bona fide holder of the instrument, impeach such warranty by objecting to a judgment against the maker and prior indorsers in favor of such holder.

(Syllabus by Stewart, C.)

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by the National Bank of Commerce of St. Louis, Mo., as plaintiff, against D. A. Mayer and Calvin M. Rosser, as defendants, in which the State Exchange Bank of Elk City is interpleaded by said defendants. From judgment in favor of defendants, Mayer and Rosser, and against the interpleader, the State Exchange Bank of Elk City brings error. Affirmed.

See, also, 70 Okla. 232, 169 Pac. 482.

Keaton, Wells & Johnston, R. N. Linville, and Frank L. Williams, for plaintiff in error.

Asp, Snyder, Owen & Lybrand and Echols & Merrill, for defendants in error.

Opinion by STEWART, C. The plaintiff, National Bank of Commerce of St. Louis, brought its action as the alleged holder in due course of a negotiable promissory note signed by D. A. Mayer and indorsed by Calvin M. Rosser, payable to the order of State Exchange Bank of Elk City, the action being against Mayer and Rosser as defendants. Mayer and Rosser filed answer to the petition, and also filed cross-petition against State Exchange Bank of Elk City, and asked that the State Exchange Bank of Elk City be made a party to the action. As grounds for defense and for cause of action against the State Exchange Bank of Elk City, said defendants admit the execution and indorsement of the note, and, in substance, urge that the note is nonnegotiable, but, if not nonnegotiable, the plaintiff is not a holder in due course; that at the time of the execution of said note and as a part of the same transaction certain collateral notes amounting to $28,500 were placed in the State Exchange Bank of Elk City as collateral security for the payment of the note in question, and other notes aggregating in all the sum of $26,500; that the State Exchange Bank has collected all of said collateral notes and converted and used the proceeds thereof, the total sum collected being more than sufficient to discharge and satisfy the note sued upon and all other indebtedness for which such collaterals stood security; that the State Exchange Bank fraudulently separated the note set out in plaintiff's petition from the collateral notes, and wrongfully and fraudulently disposed of said note

and collected the collateral notes. Defendants pray the court that the State Exchange Bank be made a party defendant; that the plaintiff take nothing by its suit, but that, in case a judgment be rendered' against the defendants, they have judgment against the State Exchange Bank in the same amount, together with costs and other proper relief. To which answer and cross-petition the plaintiff filed general denial, and the State Exchange Bank appeared and filed what was styled answer to cross-petition containing a general denial, and also matters in the nature of a general demurrer, making no objection on the ground of misjoinder.

Chas. E. Davis, Wm. D. Leonard, and J. A. Moon were officers of the State Exchange Bank, Chas. E. Davis being president, and being also associated with Mayer and Rosser as a member of the Wichita Falls & Northwestern Town-Site Company. The town-site company had acquired property and also incurred considerable indebtedness. The note sued upon, though signed only by Mayer and indorsed by Rosser, was the obligation of the town-site company; there were several other notes signed by individuals of the town-site company which were town-site obligations, and the town site had notes owing to it in the approximate sum of $28,500, being the notes used as collateral, as aforesaid. The lands of the town-site company were sold to Kemp & Kell, capitalists, of Wichita Falls, and as a part of the consideration Kemp & Kell guaranteed the payment of the notes owing to the town-site company, which guaranteed notes were placed as collateral to the note sued upon and other obligations of the town-site company evidenced by divers notes signed by individual members of such town-site company. Afterwards the State Exchange Bank, by its president, Chas. E. Davis, indorsed the note in question without recourse, and the said Chas. E. Davis, Wm. D. Leonard, and J. A. Moon then indorsed the note as collateral to obligations individually' owed by them to the plaintiff. The obligations for which said note was collateral maturing and being unpaid, the plaintiff caused the collateral held to be sold at public sale, and the plaintiff at such sale purchased the note, afterwards bringing action on the same against Mayer and Rosser. The evidence fully established the fact that the State Exchange Bank had realized on the collateral notes held by it more than a sufficient sum to pay the note in question and the other obligations for which such collaterals were held as security, but there is no evidence to show that the plaintiff was not a holder in due course. The court peremptorily instructed the jury to return a verdict for the plaintiff, and submitted the issues arising on the cross-action by Mayer and Rosser against the State Exchange Bank to the jury under instructions as to the law. The jury returned a verdict as instructed against the defendants, Mayer and Rosser, and in favor of the plaintiff, and also a verdict in favor of Mayer and Rosser and against the State Exchange Bank of Elk City. Judgment was accordingly rendered by the court, from which the State Exchange Bank duly prosecuted error. The plaintiff in error. State Exchange Bank, summarizes the error complained of as follows:

"(1)   Error in admitting the issue of conversion of collateral raised by Mayer and Rosser against the State Exchange Bank, including error in admission of evidence; (2) error in declaring as a matter of law that the plaintiff, National Bank of Commerce, took the note bona fide and without notice of equities; (3) error relating to instructions."

Exhaustive briefs have been filed in this case. They but tend to becloud the issues properly before this court, which may be resolved into a few simple propositions easy of solution.

Under the first assignment above, the plaintiff in error discusses at length the question of misjoinder of parties and of causes of action, it being urged that the State Exchange Bank was not a proper party, and that plaintiff's cause of action and the issues between Mayer and Rosser on one hand and the State Exchange Bank on the other were not properly joined. Many authorities are cited, with which authorities we take no issue. However, we think that the course pursued by the State Exchange Bank in the trial court absolves us from the duty in this case of passing upon the questions of misjoinder and necessary parties. Section 4742, Revised Laws 1910, provides:

"When the defects do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action."

Subdivision 5 of section 4740, Rev. Laws 1910, authorizes a demurrer to be filed when several causes of action are improperly joined, and section 4741 reads:

"The demurrer shall specify distinctly the grounds of objection to the petition. Unless it do so, it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action."

It is clear from the statutes cited that any defects as to misjoinder of causes of action apparent on the face of the pleadings must be pointed out by demurrer specifically and distinctly, or the same will be regarded as waived. If there is a misjoinder or excess of parties, a demurrer will not lie, but the objection must be made by motion, and, where there is a misjoinder of causes of action, a special, but not a general demurrer will lie. Hurd v. Simpson et al., 47 Kan. 372, 27 Pac. 961; C., O. & G. Ry. Co. v. Burgess et al., 21 Okla. 653, 97 Pac. 271. In C., O. & G. Ry. Co. v. Burgess et al., supra, Chief Justice Williams says in the syllabus:

"When a person is unnecessarily joined as a party plaintiff, it does not result in a defect of parties plaintiff, but in a misjoinder or excess of such parties, and cannot be taken advantage of by demurrer, but by motion, and, when such question is not raised in the court below, will not be entertained on appeal."

In the case at bar, no objection was made by demurrer, motion, answer, or otherwise to the State Exchange Bank being made a party to the action, or to any misjoinder of causes of action. It is too late after the State Exchange Bank, without objection, has submitted to a trial in a court of competent jurisdiction on the merits, because of an adverse result, to attempt to raise any question of misjoinder. Such speculation and trifling with the courts cannot be indulged. If the judgment of the trial court had been favorable and had become final, it would not have been void and could have been pleaded as res adjudicata by the appellant, in case another action had been brought by Mayer and Rosser. Such being true, the judgment as rendered is binding on the appellant, unless reversed for errors duly preserved.

The appellant objected to the introduction of any evidence on the cross-petition. The only question that could be presented by such an objection was the sufficiency of the cross-petition, and such was the ground urged at the time the objection was made. We are of the opinion that the cross-petition, though somewhat awkward, does state a cause of action against the State Exchange Bank. Under our procedure, an answer and demurrer cannot be combined. When a party files a pleading containing matter both in the nature of a general demurrer and of an answer, such pleading will be treated as an answer and the demurrer considered waived. In the absence of demurrer filed and urged, all legal intendments will be indulged in favor of the pleading attacked. There is no necessary

averment in which the cross-petition is wholly lacking.

The plaintiff in error is in no position to urge the second assignment made. No issues were made between the plaintiff and the State Exchange Bank. The defendants Mayer and Rosser are the only parties that could be heard to object to the court peremptorily instructing a verdict for the plaintiff. They bring no error to this court, and the judgment against them has become final. The State Exchange Bank cannot object to the judgment on the note in favor of the plaintiff for the further reason that it is an indorser of the note. It is true the indorsement was without recourse, and therefore qualified, but a qualified indorser is a warrantor to a certain extent and cannot impeach the warranty. Section 4115, Rev. Laws 1910, defines the warranties implied by a qualified indorsement as follows:

"Every person negotiating an instrument by delivery or by a qualified indorsement warrants: First. That the instrument is genuine and in all respects what it purports to be; Second. That he has a good title to it. Third. That all prior parties had capacity to contract; Fourth. That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless. But when the negotiation is by delivery only, the warranty extends in favor of no holder other than the immediate transferee. The provisions of subdivision three of this section do not apply to person negotiating public or corporate securities, other than bills and notes."

From which section it follows that the State Exchange Bank, being a qualified indorser and not merely a transferrer of the note by delivery, warranted to all subsequent holders that it had a good title and had no knowledge of any fact which would impair the validity, of the note or render it valueless. Instead of objecting to the judgment in favor of the plaintiff, it was the duty of the bank to have insisted on the judgment being so rendered. It is that the State Exchange Bank could have pleaded and shown, if the facts so warranted, that it had not indorsed the note, or that the obligation for which it was placed as collateral with the plaintiff was discharged, but such was not done, nor was there any other issue offered as between the plaintiff and the State Exchange Bank. To hold that the State Exchange Bank could be heard to object to the judgment on the note in favor of the plaintiff would be license for the rankest of bad faith in dealing with commercial paper. To permit the State Exchange Bank to prevent a judgment on the note fo reasons resting solely on the al-

leged wrongful acts of such bank would countenance and authorize unmitigated perfidy.

The third assignment of error relates to the instructions given by the court and to requested instructions which were refused. The first instruction given by the court, of which complaint is made, is that the court instructed the jury to return a verdict for the plaintiff and against Mayer and Rosser for the amount due on the note. This contention is interwoven with the second assignment of error, and therefore has been disposed of. The objection made to the other instruction is that the jury was authorized by the court to consider a new and foreign issue, in that the State Exchange Bank is made a party and the issue between it and the other defendants tried. This objection likewise has been answered. Special instruction No. 1, requested by the State Exchange Bank and refused by the court, seeks to single out one of the witnesses and to charge upon his credibility. The court properly instructed in general upon the credit to be given the witnesses; the giving of the instruction requested would have been manifest error. Requested instruction No. 2, which was refused by the court, is to the effect that, if Mayer and Rosser engaged with the State Exchange Bank to procure funds in violation of law, they could not recover from the State Exchange Bank. There is no such issue in the pleadings; and, if there were, there is not sufficient evidence in the record to support the same. Defendants Mayer and Rosser requested certain special instructions as to the issues between such defendants and the plaintiff, National Bank of Commerce, which requested instructions were refused by the court, and which refusal the appellant, State Exchange Bank, seeks to show was prejudicial to its rights. The appellant is in no position to complain as to any instructions defining the issues between such defendant and the plaintiff. As before stated, there were no issues between the plaintiff and the appellant, State Exchange Bank. The special instructions presented by Mayer and Rosser were not requested by the appellant, and therefore no exceptions were preserved by the appellant to the denial of any such request; hence the State Exchange Bank cannot complain in this court of the refusal of the court to give the instructions.

After carefully considering all of the matters set forth in the respective briefs, and and giving due weight to the argument and to each of the authorities cited, we have come to the conclusion that the trial court did not commit reversible error, and the judgment is therefore affirmed.

By the Court: It is so ordered.