The defendants demurred to plaintiff's amended complaint on the grounds: (1) That several causes of action have been improperly united; and, (2) that the complaint does not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer on the second ground stated, and ordered a dismissal of the action. Judgment was entered accordingly, and the plaintiff appeals.
Briefly stated the controlling facts alleged in the complaint are: that on or about May 9th, 1919, one Ed Sukut executed and delivered to the defendant, The Lehr Auto Machine Company, a promissory note in the sum of $1,750, payable October 1st, 1919, bearing interest at the rate of 10 per cent per annum from and after October 1st, 1919; that on or about September 26th, 1919, the defendant offered to sell such note to the plaintiff and that "the defendant did then and there endorse, sell and set over the above described note to this plaintiff by a qualified endorsement without recourse and did then and there warrant the said note as follows, to wit: 1. That the instrument is genuine and in all respects what it purports to be. 2. That he has a good title to it. 3. That all prior parties had capacity to contract. 4. That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless.
"That the plaintiff relied upon the warranties set out in paragraph *Page 610 
3 hereof and relying thereon purchased said note of the defendant and paid the defendant therefor the sum of seventeen hundred fifty ($1,750) dollars."
The complaint further alleges that said note was executed and delivered to the defendant by said Sukut in consideration of a gas tractor and a set of plows which were sold by the defendant to Sukut upon an express warranty as to the workmanship, material used, general construction and adaptability to perform the work for which they were purchased; that said machinery failed to comply with the warranty in any respect, and that such machinery was tendered back to the defendant by said Sukut, who at the time of the tender demanded a return of his note; that this all occurred before the defendant sold the note to the plaintiff and that the defendant had knowledge of such breach of warranty prior to September 20th, 1919; but that all of such facts were unknown to the plaintiff at and prior to the time that it purchased the note from the defendant.
It is further alleged in the complaint "that on or about the 1st day of October, 1919, being the due date of the note hereinbefore referred to, the plaintiff saw the said Edward Sukut and demanded the payment of this note and at that time the said Edward Sukut informed the plaintiff that the consideration for said note had failed, that he had tendered the tractor back to the defendant and that he did not owe the note and would not pay it, unless he was forced to by a judgment of a court; and that upon receiving this information from the said Edward Sukut, the plaintiff immediately conveyed the same to the defendant and the defendant denied the whole thereof, and the plaintiff demanded of the defendant, the return of the purchase price of said note, to-wit: the sum of seventeen hundred fifty ($1,750) dollars. The defendant then stated to the plaintiff that the plaintiff should bring an action upon said note and that the defendant would bear the expenses of said litigation and that in the event that the said action failed, the defendant would pay to the plaintiff the face of the note with interest, the costs and expenses of litigation and would at all times hold the plaintiff blameless and without loss by virtue of said transaction, and that in accordance with said agreement, warranty and representations with respect to said note, made by the defendant to the plaintiff, the plaintiff brought an action on said note in the district *Page 611 
court of Logan county, North Dakota, and said action was tried to a jury and a verdict returned in favor of the defendant. A motion for a new trial was had and a now trial awarded. A second trial was had resulting in a verdict for the plaintiff. On appeal to the supreme court of the state of North Dakota, the same was reversed and a new trial granted. On a third trial of said action, a verdict was returned and entered in favor of the defendant and upon appeal to the supreme court by the plaintiff the same was in all things affirmed."
The complaint further alleges the amount expended by the plaintiff in the prosecution of such action, and judgment is demanded for the amount paid for the note, with interest thereon; and, also, for the amount expended in the prosecution of the action against Sukut to enforce the note. The defendant interposed a general demurrer to the complaint. The demurrer was sustained and the action was dismissed and defendant has appealed from the judgment of dismissal.
The cause of action before us is predicated upon § 6950, Comp. Laws 1913, (§ 65, Uniform Negotiable Instruments Law) which reads as follows:
"Every person negotiating an instrument by delivery or by a qualified endorsement, warrants:
"(1) That the instrument is genuine and in all respects what it purports to be;
"(2) That he has a good title to it;
"(3) That all prior parties had capacity to contract;
"(4) That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless.
"But when the negotiation is by delivery only, the warranty extends in favor of no holder other than the immediate transferee. . . ."
The question presented for determination is: Do the facts set forth in the complaint in this case constitute a cause of action for a breach of warranty under this section? In our opinion this question must be answered in the affirmative. By the express language of this section every person who negotiates an instrument by a qualified endorsement enters into a contract with the person to whom the instrument is negotiated, to the effect that he warrants, among other things, that "he has no knowledge of any fact which will impair the validity of the instrument or render it valueless." This contract is as explicit and as binding *Page 612 
as if the provisions of the section were written out in full over the signature of the endorser on the back of the note.
If a person desires to qualify or limit the contract which the law in effect writes over his signature when he places his name under a qualified endorsement on the back of a negotiable instrument he ought to do so by appropriate recital to that effect. In this case the defendant merely endorsed the note without recourse. The result was that it entered into a contract with the plaintiff to the effect that the defendant warranted to the plaintiff that it had no knowledge of any fact which would impair the validity of the instrument or render it valueless. Section 6950, supra, does not purport to limit the warranties therein enumerated to a holder in due course. The warranties imposed by § 6950, supra, relate to the condition existing at the time the instrument is negotiated, and a person who makes a qualified endorsement enters into an agreement with the person to whom the instrument is negotiated that he warrants that he then has no knowledge of any facts which would impair the validity of the instrument or render it valueless. According to the terms of the Negotiable Instruments Act failure of consideration is as available as a defense to a negotiable instrument as is absence of consideration. Comp. Laws 1913, § 6913; Neg. Inst. Laws, § 28. According to the allegations of the complaint, at the time the defendant negotiated the note to the plaintiff the maker of the note had a complete defense thereto as against the defendant or any holder thereof other than a holder in due course; and these facts were all known to the defendant, but were unknown to the plaintiff who purchased the instrument in reliance upon the warranties given by the defendant, as a part of the transaction incident to the negotiation of the note. The negotiation by the defendant of the promissory note, without recourse, in these circumstances renders it liable to the endorsee for damages resulting from a breach of the warranty on the part of the defendant that it had no knowledge of any fact which would impair the validity of the instrument or render it valueless. Cressler v. Brown, 79 Okla. 170, 192 P. 417; Luse v. Beard, ___ Tex. Civ. App. ___, 252 S.W. 243; State Exch. Bank v. National Bank,70 Okla. 234, 2 A.L.R. 211, 174 P. 796. See also Brannan, Neg. Inst. Law, 4th ed. pp. 606-609.
It follows from what has been said that the complaint states facts *Page 613 
sufficient to constitute a cause of action and that the trial court erred in sustaining the demurrer. The judgment appealed from is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.
BIRDZELL, NUESSLE, JOHNSON, and BURKE, JJ., concur.
 On Petition for Rehearing.