## STATE NAT. BANK OF SHAWNEE v. CENTRAL NAT. BANK OF TULSA.

No. 19532. Opinion Filed Dec. 9, 1930.

Goode, Dierker & Goode, for plaintiff in error.

C. A. Steele and W. A. Daugherty, for defendant in error.

HERR, C. Sometime in December, 1926, the Texas Company, plaintiff below, but not a party here, drew its check on the Central National Bank of Tulsa, Okla., defendant herein, in the sum of $1,730, payable to J. B. Carteel, and mailed the same to him at Seminole, Okla. Plaintiff's contention is that this check, by theft or otherwise, came into the possession of one V. P. White, who, without authority, indorsed the name of payee thereon, presented the same to the State National Bank of Shawnee, Okla., which bank paid to him the amount thereof; that the Shawnee bank indorsed this check, guaranteeing all prior indorsements; that the check so indorsed, through regular banking channels, reached the drawee bank, which bank paid the same, charging the amount thereof to the account of plaintiff. This action was then brought by plaintiff to recover the said amount from the Central National Bank of Tulsa.

Defendant bank filed its answer admitting the charging of said check to the account of plaintiff, but alleging that the check came to it through the State National Bank of Shawnee, and that said bank, by its indorsement, guaranteed all prior indorsements; prayed that said bank be made a party defendant, and that, in the event plaintiff recovered judgment against it, it have judg-

ment over and against the said State National Bank of Shawnee. Upon this answer, the trial court entered its order making said Shawnee bank a party defendant.

The State National Bank of Shawnee is domiciled in Pottawatomie county. Summons was duly issued and served upon said bank in said county, and in due time said bank filed a motion challenging the jurisdiction of the court over its person, which plea it denominated a special appearance, but which, under the holding of this court in the case of Jameson v. Harvel, 139 Okla. 39, 280 Pac. 1080, constituted a general appearance. This motion was not acted upon, but was dismissed for want of prosecution. After ascertaining that this motion had been dismissed, the Shawnee bank, in due time, filed a demurrer to plaintiff's petition and to the order of the court making it a party defendant. The demurrer, in so far as it challenged plaintiff's petition, was stricken by the court, but overruled in so far as it challenged the order of the court making said bank a party defendant. This ruling was duly excepted to. Thereafter, said bank filed its motion to vacate the order of the court making it a party defendant, on the ground that the court was without jurisdiction to make the order. This motion was stricken on motion of defendant Central National Bank, the Shawnee bank duly excepting to the same. Issues were then joined, the cause went to trial, resulting in a judgment in favor of plaintiff against the Central National Bank of Tulsa, and a judgment over in its favor against the State National Bank of Shawnee. The Shawnee bank appeals.

Numerous errors are assigned, but the view taken renders it unnecessary to pass upon any except the assignment that the court erred in striking appellant's motion to vacate the order making it a party defendant. In our opinion, this ruling necessitates a reversal of the judgment. It is disclosed by the record that the only purpose in making the State National Bank of Shawnee a party defendant was in order that defendant bank might obtain a judgment over against said bank in the event judgment was rendered in favor of plaintiff against it. This procedure is wholly unauthorized. In the case of Enid Oil & Pipe Line Co. v. Champlin, 113 Okla. 170, 240 Pac. 649, this court held:

"A third party cannot be brought into an action as defendant on motion of the main defendant where the issues in the original suit are foreign to any issues between him and his codefendant, and the court cannot, over his objection, require him to litigate a controversy between himself and codefendant, which controversy is not germane to the issues in the original action."

It is, however, contended by defendant bank that appellant waived jurisdiction over its person by entering its general appearance, and cannot now raise the question that it was wrongfully served in Pottawatomie county. This is undoubtedly true, but even though it submitted to the jurisdiction of the district court of Tulsa county over its person, it did not thereby preclude itself from assailing the illegal and unauthorized order of the court making it a party defendant. For even though defendant had been domiciled in Tulsa county, still the order making it a party defendant would have been wholly unauthorized. It was not essential that appellant enter a special appearance in order to assail this order.

Defendant bank contends that appellant's motion came too late and, in support thereof, relies upon the cases of State Exch. Bank v. Nat. Bank of Commerce, 70 Okla. 234, 174 Pac. 796, and Henderson v. Pebworth, 90 Okla. 187, 216 Pac. 472. Neither of these cases is in point, as in neither of them was there the slightest objection made to bringing in additional parties, nor the slightest intimation that the matters set up in the cross-petition were not germane until during and after the trial. No objection of any kind or character was raised to the procedure until after plea to the merits. In the instant case, the motion to vacate the order was made by appellant prior to the filing of any plea against the cross-petition of defendant bank seeking to recover a judgment over as against it. In the case of State Exch. Bank v. Nat. Bank of Commerce, supra, this court held:

"A misjoinder of parties or excess of parties cannot be taken advantage of by demurrer, but can only be reached by motion filed before joint issues on the merits."

Appellant had the undoubted right to assail the order making it a party defendant at any time before pleading to the merits of defendant's cross-petition against it. This it did by moving to vacate the order. While this might not be the exclusive method of raising this question, it is a proper method, and, upon properly reserving its exceptions to the ruling, it waived no rights by thereafter pleading to the merits. Schoenhofen Brewing Co. v. Giffey (Iowa) 143 N. W. 1017.

It is further contended by defendant bank that the motion to vacate challenged only the jurisdiction of the court over the person of appellant. It is true, the motion is based

on the ground that the court was without jurisdiction to make the order. In our opinion, it would be too narrow a view to place this construction upon the motion. The court was without jurisdiction in the sense that it had no authority or power to make the particular order questioned. We think the motion broad enough to cover the question raised.

Judgment should be reversed and the cause remanded, with directions to vacate the judgment rendered in favor of the Central National Bank of Tulsa against appellant; to sustain appellant's motion to vacate the order making it a party defendant; and to dismiss, without prejudice, the cross-petition of Central National Bank against it.

TEEHEE, DIFFENDAFFER, HALL, and REID, Commissioners, concur.

By the Court: It is so ordered.