No. 33,275

ANNA L. SMITH et al., *Appellees*, v. C. L. KAGEY et al., *Appellants*.

(73 P. 2d 56)

Opinion filed November 6, 1937.

*L. C. Gabbert,* of Wichita, for the appellants.

*Joe T. Rogers* and *James A. Conly,* both of Wichita, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action for recovery of money, and from a judgment for plaintiffs the defendants appeal.

The petition, filed July 20, 1935, among other things, alleged the relationship of plaintiffs to one Alden Durell Smith, who had executed an oil and gas lease on certain lands in Butler county, Kansas, on account of which certain moneys belonging to plaintiffs were deposited in the Citizens State Bank of El Dorado, Kan., until there was a total of $1,675, and that sum was held by the bank and one Light, who refused to pay the same to plaintiffs; that about May 26, 1933, plaintiff L. Irene Smith Putnam employed C. L. Kagey, of the firm of Kagey, Black and Kagey, to represent the heirs in an action to recover that sum; that Kagey advised her to have the heirs of Alden Durell Smith assign their claim to H. J. Putnam for the purpose of bringing such suit; the assignment was made and the suit brought against the above-named bank and Light; that the action resulted in judgment in favor of Putnam, assignee, and was satisfied in full; that on July 21, 1933, the clerk of the district court of Butler county paid to C. L. Kagey, Hal Black and Lloyd Kagey the sum of $1,600, together with costs in the amount of $8, or a total of $1,608; that at the time of employment C. L. Kagey assured L. Irene Smith Putnam that by reason of the fact they were old friends he would make no charge for services, but did request $15 for court costs and $50 for expenses, which sums were paid to C. L. Kagey; that Kagey, Black and Kagey have refused to account and are indebted to plaintiffs in the sum of $1,600 and interest, for which they prayed judgment.

On July 24, 1935, the defendants filed an application stating that settlement in full had been made with H. J. Putnam, which fact was known to plaintiffs, who had never made any claim to defendants for the proceeds of the judgment, and if there was liability to them it was from their assignee, Putnam. Defendants asked that Putnam be made a defendant in the action. On the same day this application was presented to the judge of division No. 1 of the Sedgwick county district court and allowed. On August 23, 1935, Putnam asked for additional time to plead. On September 14, 1935, Putnam filed a motion to strike the order making him a party, for the reason that it was made without notice to the plaintiffs and by the named judge when the cause was not pending in his division; that no reason for making Putnam a party was assigned and that plaintiffs in their petition had stated no grounds why Putnam should be made a party. On September 28, 1935, the motion to strike was allowed. On October 1, 1935, defendants filed a demurrer, which

was overruled on October 23, 1935, and on December 7, 1935, defendants filed their answer, which contained, among other allegations, an averment defendants had represented Putnam in the action in Butler county, and that a reasonable fee in that action was $250; that Putnam and his wife, the plaintiff L. Irene Smith Putnam, had called on defendants in the winter of 1932 concerning appointment of a receiver for the Putnam Investment Company at Salina, Kan., at which time they agreed to pay defendants a retainer of $2,500; that all of the plaintiffs were interested in the receivership matter. Omitting much of intervening matters, it is alleged that on April 24, 1933, H. J. Putnam was informed he could pay a retainer of $500, amount of fees to be left for future determination. Retainer was paid May 2, 1933. During these conferences defendants were advised concerning the Butler county matter and Mrs. Putnam informed defendants all moneys due in Butler county matters were owed to H. J. Putnam, who had advanced moneys to her mother, brothers and sisters; that defendants advised Mrs. Putnam they did not care to be involved in any controversy with any of the heirs or with H. J. Putnam in event of recovery in the Butler county matter, and before filing the action in Butler county Mrs. Putnam and her husband procured the assignment to H. J. Putnam; that the matter of fees was never discussed other than they required the $15 costs deposit and $50 expense item; that said Butler county action was compromised and settled, and when defendants received the check they notified H. J. Putnam. Meanwhile, Putnam had been sued for a large amount in Saline county. In discussing attorney fees with Putnam it was agreed that he would pay defendants by assigning the $1,600 collected in the Butler county action, $250 being fees and $200 expenses in that action, the balance of fees in the two Saline county matters to await their outcome. Other allegations, going into detail and containing much evidentiary matter, will not be detailed. By reason of all, it was alleged that defendants were not indebted to plaintiffs. It was further alleged that H. J. Putnam was a proper and necessary party. The prayer was that Putnam be made a party defendant and that on final hearing they be awarded judgment. On December 13, 1935, defendants filed another application to have Putnam made a party defendant. Plaintiffs' reply was a general denial of matters conflicting with allegations of the petition.

At the trial defendants demurred to plaintiffs' evidence for rea-

sons which will be hereafter mentioned. Defendants also filed a written and made an oral motion for a directed verdict, both of which motions were denied. At the conclusion of the trial the jury found in favor of plaintiffs for $1,358, being the full amount sued for, less $250 attorney fees. The jury also answered seven special questions, which may be summarized and quoted as follows:

1. That Henry J. Putnam employed defendants to represent him in the Salina receivership.

2. That Irene Smith Putnam was present at the time of such employment.

3. That Henry J. Putnam employed defendants to represent him in the Saline county suit against him for stock liability.

"4. Did plaintiff, Irene Smith Putnam, state to defendants, or either of them, that all of the plaintiffs owed Henry J. Putnam and that she could procure assignments of all their interests in the Butler county fund to Henry J. Putnam? A. No.

"5. If you answer the above question in the affirmative, did plaintiff, Irene Smith Putnam, state to defendants, or either of them, that whatever amount was collected from Butler county should be applied on the fee of H. J. Putnam owing to the defendants? A. No.

"6. Did Henry J. Putnam at the time he made the assignment of the Butler county judgment to the defendants do so with the intention that it should apply upon fees owing them? A. Yes.

"7. Did plaintiff, Irene Smith Putnam, have authority from the other heirs to act as their agent and represent them at the time or times she had her conversations and communications with the defendants? A. No."

Following return of the verdict, defendants filed motions for a new trial, to set aside answers to questions 4 and 5, for judgment upon the answers to special questions, and that the judgment against them be set aside and rendered against Henry J. Putnam. All of these motions were denied, and in due time defendants appealed to this court. Their various specifications of error will be noticed. Although assigned as error, the overruling of defendants' demurrer to the petition is not discussed in the briefs and will not be considered.

Defendants complain that their demurrer to plaintiffs' evidence was overruled. They contend the assignment from the Alden Durell Smith heirs to H. J. Putnam is an absolute assignment without reservation, and is conclusive and binding upon each of the plaintiffs, and that in any event no plaintiff other than L. Irene Smith Putnam testified the assignment was for any purpose other than as shown on its face. The manner in which the assignment was procured and the purposes for which it was procured were in dispute. Mrs. Putnam testified without objection that Mr. C. L. Kagey, after making inquiry as to the whole situation, suggested the way to col-

lect the money would be to have all the heirs assign to one person, and that he suggested Mr. H. J. Putnam because he had no interest in it and was not a member of the family and all members of the family were confident he was honest and the proper person to do it, and that Mr. Kagey drew the papers. She also testified that the heirs were not indebted to Mr. Putnam and the only purpose of the assignment was to comply with the suggestions and advice of Mr. Kagey. Whatever might be the case in other circumstances, here Kagey advised the giving of the assignment, knew the circumstances under which it was given, and does not occupy any position where he might rely on the assignment as being an absolute and unconditional conveyance of the interest of the heirs to Mr. Putnam. Neither was it necessary that each of the heirs take the stand and testify. It is apparent from the record the agreement for the assignment was made between C. L. Kagey and Mrs. Putnam, and the assignment prepared and executed as the result of that agreement. Mrs. Putnam's testimony, if believed, as it evidently was, was competent and sufficient, and the defendants' demurrer to plaintiffs' evidence was properly overruled.

Appellants also complain the trial court erred in denying their several motions for an instructed verdict. Their argument is to a considerable extent the same as made with reference to the demurrer above discussed. It is also insisted, however, that Mrs. Putnam and the other plaintiffs put title to the Butler county cause of action in H. J. Putnam and held him out as the true owner; that although the judgment was collected in July, 1933, plaintiffs made no claim to the proceeds until July, 1935, and they are now estopped. In support, they cite *Starkey v. Almena State Bank*, 130 Kan. 568, 574, 287 Pac. 251, and *Kinsley Bank v. Aderhold*, 131 Kan. 448, 454, 292 Pac. 798, both of which treat of the effects of holding out another as the owner of property, and in both of which rights of innocent third persons were involved. As has been shown, defendants were fully aware of the circumstances under which the cause of action in Butler county was assigned. They were not innocent third persons in dealing with the proceeds of the judgment in that action. It is undisputed that defendants collected the judgment in July, 1933. In asking for a directed verdict, the facts must be resolved in favor of the party against whom the motion is directed. So resolved, it would have been error had the trial court allowed defendants' motions. Conversely, it was not error to deny them.

It is also contended that defendants were entitled to judgment on the special findings. In the argument under this heading, appellants argue many matters which they deduce from the evidence. They are not entitled to judgment on the special findings, however, unless the special findings cannot be reconciled with the general verdict nor unless the answers compel a judgment in their favor. Confining ourselves to the answers, it will be observed the jury found that H. J. Putnam employed defendants to represent him in a receivership matter and in a suit against him to recover a stock liability, neither of which matters were connected with the Butler county cause of action, and that at the time Henry J. Putnam assigned the Butler county judgment to defendants he did so with the intention it should apply on fees owing them. Whatever Henry J. Putnam's intention may have been, he could not make an assignment of moneys not belonging to him to persons who knew of that fact, and thus bind the true owners of the moneys. While it is argued that the jury's findings show that it did not believe every statement of either Mr. or Mrs. Putnam, that does not make the answers inconsistent with a general verdict in favor of plaintiffs. It is said that unfound facts may not, by reason of the general verdict, be resolved in favor of the plaintiffs for the reason that under the theory of plaintiffs' petition they were entitled either to the full amount sued for or nothing, and that the jury allowed a credit to defendants of $250 for a claimed attorney's fee in the Butler county case. We do not so consider it. Had the suit been only to recover on the Butler county case, and had the answer been only as to the credit to which defendants were entitled for fees, and from one aspect that is all there is to this case, it could hardly be said the general verdict of the jury did not resolve all questions of fact in favor of plaintiffs. In our opinion, the general verdict was a general finding in favor of plaintiffs on all questions in dispute, except those included in the special questions and answers, and so far as these special findings are concerned, they are not inconsistent with the general findings.

The remaining specifications, with one exception, all have to do with H. J. Putnam. It has been noted that without notice, and before answer was filed, appellants procured an order making H. J. Putnam a party defendant, which order was later vacated. An examination of the petition shows it did not pretend to state a cause of action against Putnam. It is true that Putnam obtained time to

plead and when he did plead he filed a motion to set aside the previous order making him a party. Even had Putnam wished it, he could not make himself a party. At the time the order was made, it was improvidently made, and defendants, who procured it to be made, were not prejudiced because it was set aside. Later they filed an answer in which they sought to cast the burden of plaintiff's recovery, if any, on Putnam, and followed this with an application for an order making Putnam a party defendant. The record is silent as to whether he was made a party or whether a summons was issued for him. It is argued that when he asked time to plead as a result of the first order he entered a general appearance for all purposes. If so, the second application was surplusage. If not, he was never made a party so far as the abstract discloses. Appellants direct our attention to G. S. 1935, 60-741, providing—

"If it appears from the petition or in any other manner that there is a defect of parties plaintiff or defendant, the court or judge may on motion require the absent parties to be brought in. . . ."

It will be observed from reading the statute that it is permissive and not mandatory. And the above section must be read in connection with G. S. 1935, 60-416, which provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties the court or judge must order them to be brought in. . . ."

As between the plaintiffs and defendants in the case before us, the issue was whether defendants were withholding moneys due the plaintiffs, and in connection therewith defendants were entitled to show they were not, but there is no provision of the code, nor any rule of pleading, which required the court to permit them to enlarge the issue so as to recover against a third person the amount of any judgment which might be rendered in favor of plaintiffs and against them, especially where the determination of such an issue required proof of a series of transactions between defendants and such third person in which plaintiff had no interest. Insofar as fees in the Butler county matter were concerned, the jury allowed defendants the full amount of what they alleged to be a reasonable fee for services rendered. If, because Putnam was the plaintiff there, he should have been impleaded in some manner, still defendants have not been prejudiced, for they have recovered by reason of the credit

allowed by the jury. The plaintiffs might have some complaint, but the defendants can have none. For a somewhat analogous situation, see *Barnwell v. Kempton*, 22 Kan. 314. It should also be observed that by the answer of defendants they did not seek to litigate fully their difficulties with Putnam, but only to show that Putnam was the owner of the judgment in the Butler county case and had assigned it to them and therefore plaintiffs were not entitled to recover. Putnam was not a necessary party to the determination of that question. For aught the record shows, there may be great variance in claims of the defendants against Putnam and Putnam's defense thereto. If so, plaintiffs should not be compelled to have their right to recover moneys allegedly due them depend in any manner upon the outcome of issues between defendants and Putnam. It has not been demonstrated the trial court committed error in not making Putnam a party defendant nor in not rendering judgment against him.

Appellants specify as error refusal of the trial court to give to the jury a certain requested instruction and in their brief include it in a statement of questions involved in the appeal. It is not argued, however, and might be ignored. We note, moreover, there is no showing as to the instructions that were given, nor is there any claim that they did not fully and correctly advise the jury. If the refusal to give the requested instruction was error, it cannot now avail.

The motion for a new trial raised no issue that has not been discussed. The trial court did not err in denying it.

The judgment of the trial court is affirmed.