No. 38,225

B. H. POTEET and SUPERIOR INSURANCE COMPANY, a corporation, *Appellees,* v. CHARLES SIMMONS, *Appellee,* and McCANN MOTOR COMPANY, INC., a corporation, *Appellant.*

(229 P. 2d 747)

Opinion filed April 7, 1951.

*Aubrey Neale,* of Coffeyville, argued the cause, and *A. D. Weiskirch* and *Manford Holly,* both of Wichita, were with him on the briefs for the appellant.

*Joe T. Rogers,* of Wichita, argued the cause, and *Roy L. Rogers,* also of Wichita, was with him on the briefs for appellee Charles Simmons.

The opinion of the court was delivered by

WERTZ, J.: This action in replevin was commenced by plaintiffs B. H. Poteet and the Superior Insurance Company, a corporation, against defendant Charles Simmons. Plaintiffs allege in their petition as amended against defendant Simmons that B. H. Poteet is the owner and entitled to immediate possession of a 1949 Mercury automobile (describing same) and that plaintiff Superior Insurance Company has a special ownership or interest in the vehicle by reason of payment to plaintiff Poteet of the value of the vehicle under its policy of theft insurance covering the automobile; that the described vehicle is wrongfully withheld from plaintiffs by defendant Simmons; and that plaintiffs' demand for return of the

property has been refused by defendant Simmons. The amended petition asks for a return of the property and for damages for its unlawful detention or for the value thereof as alleged. There is attached and made a part of the petition a Texas certificate of title to the automobile issued to plaintiff Poteet indicating the automobile was purchased by plaintiff Poteet from United Auto Sales Co., Dallas, Texas.

The action was commenced in Sedgwick County and appellant McCann Motor Company, Inc., was not made a party by the plaintiffs. The sole defendant Charles Simmons filed an answer in which he alleges that one Jay Brown purchased the automobile from appellant on May 4, 1949, and secured a certificate of title from the state of Kansas, and that on July 7, 1949, the said Jay Brown sold the car to Harry McCandless and Ralph J. Dunn, registered second-hand automobile dealers in Wichita, Kansas; that the said Jay Brown endorsed the original certificates of title in blank to said dealers; that this defendant purchased the car from McCandless and Dunn and the certificate of title was assigned to the defendant and that by reason thereof, the defendant is the owner of said automobile.

Defendant's answer to plaintiffs' amended petition was filed on March 22. On April 6, 1950, the defendant filed a motion to make McCann Motor Company, Inc., a party, alleging that said company was a necessary party, and on April 20 the court made an order making the said company a party defendant. On May 3, 1950, defendant Charles Simmons filed what he denominates a supplemental petition in which he seeks damages against the appellant in the event plaintiffs are successful in their suit against him. Defendant's supplemental petition against appellant alleges that appellant sold the automobile in controversy to Jay Brown on May 4, 1949, and gave an original bill of sale to the purchaser, upon which bill of sale Jay Brown procured a valid Kansas title which was later assigned to the defendant through McCandless and Dunn at Wichita; that the appellant executed an additional bill of sale to the same Jay Brown on the same car on May 7, 1949, the only difference being that the address was shown as Dallas, Texas, on the bill of sale dated May 7, and Coffeyville, Kansas, on the bill of sale dated May 4; that on the second bill of sale Jay Brown secured a title from the state of Texas, which title he assigned to the United Auto Sales Co. of Dallas, Texas, which in turn assigned it to the plaintiff, B. H. Poteet. The defendant also states that the Texas title is

void but in the event the case is decided against said defendant, that said defendant should be given judgment against McCann Motor Company, Inc., for whatever loss said defendant sustains and in addition for the costs, expenses and attorneys' fees in the amount of $1,000.00. There is no allegation that the issuing of more than one bill of sale to the same purchaser for the same car was done by appellant for the purpose of misleading or defrauding anyone.

On the so-called supplemental petition for a contingent judgment against McCann Motor Company, Inc., one summons only was issued out of the district court of Sedgwick County to the sheriff of Montgomery County notifying the McCann Motor Company that it had been sued by B. H. Poteet and the Superior Insurance Company; that the suit was brought for recovery of money and that the amount claimed was $2,000.00 and damages in the sum of $1,000.00. The summons was served on the appellant in Montgomery County, Kansas.

Appellant appeared specially and moved to quash the pretended service of summons for the reasons that any action by the defendant Charles Simmons against the appellant must be brought in Montgomery County, Kansas; that the appellant was not a necessary or proper party to the action in Sedgwick County, and the court had no jurisdiction over the appellant in Montgomery County, Kansas; that the appellant was neither plaintiff nor defendant; and that the pretended service of summons was void. This motion was overruled, after which the appellant filed a demurrer on the grounds of lack of jurisdiction, misjoinder of causes of action, and that the supplemental petition did not state facts sufficient to constitute a cause of action against appellant. This demurrer was overruled and the appeal followed.

No special circumstances requiring the aid of equity have been disclosed in this case. The case appears to consist of two separate actions, one brought by the plaintiffs against defendant Simmons to replevin an automobile to which Simmons filed an answer and joined issue by claiming he was the owner. The second action is set forth in a supplemental petition filed by defendant Simmons seeking to recover damages against appellant, who had been made a party defendant on Simmons' application, apparently on a breach of warranty conditioned on defendant Simmons losing his suit in replevin with plaintiff.

Appellee invites our attention to G. S. 1949, 60-411 and 60-416, which are as follows:

60-411. "Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."
60-416. "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties the court or judge must order them to be brought in."

The petition states no cause of action against appellant, McCann Motor Company, which would make it a necessary party defendant to a complete determination of the controversy involved in this action in replevin. McCann Motor Company claims no right, title or interest in the automobile sought to be replevined, and defendant's so called supplemental petition against appellant McCann Motor Company does not claim that appellant has any right, title or interest in the automobile sought to be replevined. It is apparent that, appellant not being a necessary or indispensable party to the determination of the issue involved in this action in replevin, it is not material that a cause of action based on the judgment in the replevin action might later accrue to defendant in an action for damages against appellant. (In this connection see *Pleifke v. Cline,* 149 Kan. 9, 14, 85 P. 2d 996) The rule is stated in 39 Am. Jur. 902, § 35, as follows:

"Necessary parties defendant include those who have such an interest in the controversy that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience—those who are classed as indispensable parties, without whom the court will not proceed to final decision. . . . Persons may be necessary parties in the sense that their presence in a suit is necessary to the rendition of a judgment or decree which will finally determine all rights and interests involved in the controversy, but if their rights or interests are so separable and severable that a final and just judgment can be rendered settling the right of those who are made parties, then such persons are not indispensable parties. . . . On the other hand, it may be stated as a broad rule that a person may not be made a party defendant against whom no relief is sought and who has no interest that may be affected by any decree or judgment rendered in the controversy."

In the case of *Beeler and Campbell Supply Co. v. Warren,* 149 Kan. 135, 86 P. 2d 482, the plaintiff filed an action for the recovery of money against the five defendants. One of the defendants filed

a cross-petition seeking affirmative relief against the plaintiff only on a breach of contract between the plaintiff and the one defendant. This court held that as the other defendants had no interest in this part of the controversy, the cross-petition constituted a misjoinder of causes of action; that the transaction was in no manner related to the subject matter contained in plaintiff's petition and was not in the nature of a defense thereto and was equivalent to a petition brought by the answering defendant against the plaintiff; that the defendant could not have joined the other defendants in an independent action and as the other defendants were not proper parties under the cross-petition, the attempt to join the separate actions constituted a misjoinder of causes of action, and the demurrer thereto was sustained.

As between plaintiffs and defendant Simmons in the replevin action before us, the issue was the ownership and right to possession of the automobile in question. There is no provision in the code of civil procedure, nor any rule of pleading, which would require the court to permit defendant to enlarge the issue so as to recover against a third person the amount of any judgment which might be rendered in favor of plaintiffs and against him, especially where the determination of such an issue requires proof of a series of transactions by such third party in which plaintiffs have no interest. ( *Smith v. Kagey,* 146 Kan. 563, 73 P. 2d 56; *Hall v. Hall,* 124 Kan. 466, 260 Pac..645, and cases cited therein)

Defendant Simmons' cross-action against appellant in which affirmative relief is sought against appellant alone in damages contingent upon plaintiff's recovery against defendant, which cause of action was entirely unrelated to the plaintiffs' cause of action to try title and right to possession of the automobile, constituted misjoinder of the causes of action, and appellant's demurrer to such cross-action was improperly overruled.

The judgment of the lower court is reversed with directions to sustain appellant's demurrer to defendant's supplemental petition.