No. 40,030

LUCIA KENNEDY, Administratrix of the Estate of Walter R. Kennedy, Deceased, v. GUY A. THOMPSON, Trustee for the MISSOURI PACIFIC RAILROAD COMPANY, a Debtor Corporation, *Appellant,* and VIRGIL H. JOHNSON and REX BRATCHER, doing business as JOHNSON-BRATCHER CONSTRUCTION COMPANY, *Appellees.*

(297 P. 2d 210)

Opinion filed May 5, 1956.

*Wm. P. Thompson,* of Wichita, argued the cause, and *A. W. Hershberger, J. B. Patterson, Richard Jones, H. E. Jones,* and *Jerome E. Jones,* all of Wichita, were with him on the briefs for the appellant.

*Robert C. Foulston,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Samuel E. Bartlett, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris* and *Gerald Sawatzky,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: Lucia Kennedy brought this action, as administratrix of the estate of her deceased husband, in Sedgwick County against

the defendant, Missouri Pacific Railroad Company, to recover damages under the Federal Employers' Liability Act, for the death of her husband who was killed July 7, 1954, in Saline County, while performing his duties as an employee of the railroad on railroad property.

Supplementing the foregoing factual statement it may be said that in her petition plaintiff alleged that while assigned to duty as a conductor of a switch engine, spotting cars on a side track at a grain elevator in Salina, her deceased husband fell through an opening in a steel grating above an underground hopper, designed to receive grain from defendant's railroad cars on the side track, thereby sustaining injuries resulting in his death, and in general terms charged that such accident resulted from several acts of negligence on the part of the railroad company, including failure to provide the decedent with a safe place in which to work.

Upon the filing of her petition plaintiff caused a summons to be issued and served upon the defendant railroad company. Thereafter such defendant appeared in court and filed a motion asking that Virgil H. Johnson and Rex Bratcher, residents of Saline County, doing business as Johnson-Bratcher Construction Company, be made additional parties defendant. In this motion the railroad alleged that Johnson and Bratcher, at the time of the death of the deceased, had been constructing a concrete terminal elevator, and in connection therewith had constructed and were engaged in the construction of the grain pit or hopper described in plaintiff's petition. It was further alleged that if the defendant railroad was liable to plaintiff, that liability could be predicated only upon an obligation imposed upon it by law, arising out of the active negligence of Johnson and Bratcher, in the performance of the described construction work, and that therefore the railroad would be entitled to recover from Johnson and Bratcher any amount which, in the action, it might be found to be obligated to pay plaintiff; and then alleged that making Johnson and Bratcher additional parties defendant would avoid a multiplicity of actions and permit determination in one action of all issues arising out of the circumstances set out in the petition.

After the filing of the motion above mentioned the trial court made an order directing that Johnson and Bratcher be made additional parties defendant. Thereupon the defendant railroad filed its answer, and its cross petition, against Johnson and Bratcher, wherein it repeated in substance the relevant allegations of the

heretofore summarized motion and prayed that in the event it be held liable judgment be entered in its favor and over against them for costs and whatever amount it was found to be obligated to pay plaintiff. Subsequently, such defendant caused summonses to issue from the district court of Sedgwick County which were ultimately served upon Johnson and Bratcher in Saline County, the county of their residence.

Following service made as above related Johnson and Bratcher filed a motion in the Sedgwick County district court wherein, after reciting they appeared specially for purposes of the motion only, they moved the court for an order quashing the pretended service of summons for the reason no valid service had been had upon them and because the action was not properly venued in Sedgwick County. In due time this motion was presented, heard, considered and sustained by the trial court. This appeal, challenging the propriety of the trial court's ruling on the motion to quash, followed.

Turning directly to the sole issue involved on appellate review it can be said that in the face of the heretofore related facts and circumstances the short but nevertheless sound and compelling reason for rejecting appellant's contentions the trial court erred in sustaining the involved motion to quash is to be found in the rule, to which we adhere and which we pause to note is equally applicable in the case at bar, announced in the following decisions.

See *Poteet v. Simmons,* 171 Kan. 86, 229 P. 2d 747, which holds:

"In an action in replevin brought by plaintiffs against a single defendant to try title to an automobile, where issues are joined between such parties as to the ownership and right to possession of said automobile, the defendant may not, on his application to the court, join a third person as a party defendant in the action where plaintiffs' petition states no cause of action against the third person and defendant's cross-petition filed against such third person seeks only to recover against such third person whatever damages he might sustain by reason of plaintiff's prevailing against him in the action in replevin." (Syl.)

See, also, *Smith v. Kagey,* 146 Kan. 563, 73 P. 2d 56, where it is held:

"A defendant in such an action may not predicate error on the refusal of the trial court to make the third person a party defendant in the action where the petition states no cause of action against the third person and the answer seeks only to shift any recovery of plaintiffs as against the defendant to such third person, or to permit defendant to recover over as against such third person." (Syl. ¶ 5.)

And in the opinion said:

"As between the plaintiffs and defendants in the case before us, the issue was whether defendants were withholding moneys due the plaintiffs, and in connection therewith defendants were entitled to show they were not, but there is no provision of the code, nor any rule of pleading, which required the court to permit them to enlarge the issue so as to recover against a third person the amount of any judgment which might be rendered in favor of plaintiffs and against them, especially where the determination of such an issue required proof of a series of transactions between defendants and such third person in which plaintiff had no interest. . . ." (p. 569.)

The fact, as may be suggested, the decision in the first of the above cited cases was made in connection with appellate review of a ruling on a demurrer to a petition and in the second on review of a judgment after a trial is of no consequence and does not change the force and effect of the principle therein announced. Resort to the opinion in each case discloses that there—like here— improper joinder of a defendant residing in another county, which it is to be noted is a ground for quashing service of summons upon such a party under our decisions (See, e. g., *Marshall v. Land Co.*, 75 Kan. 445, 449, 89 Pac. 905; *Verdigris River Drainage Dist. v. City of Coffeyville*, 149 Kan. 191, 86 P. 2d 592), was involved, considered and determined.

Since the rule announced in the foregoing decisions requires that the trial court's action in sustaining the motion to quash must be upheld under the confronting facts, conditions, and circumstances it is neither necessary nor required that we here discuss other interesting arguments advanced by the parties in support of their respective positions regarding the propriety of such ruling.

The judgment is affirmed.