306 P.2d 657

Dean GOODING, Plaintiff & Respondent,

v.

Luther KOONCE, Defendant & Respondent,

and

Jack D. Noland, Cross-Defendant & Appellant.

No. 8372.

Supreme Court of Idaho.

Jan. 24, 1957.

Rehearing Denied Feb. 18, 1957.

Lawrence B. Quinn, Twin Falls, for cross-defendant and appellant.

Murphy & Schwartz, Shoshone, and Frank M. Rettig, Jerome, for respondents.

518

PORTER, Justice.

For convenience we shall refer to the parties as they were designated in the lower court. Plaintiff brought this action in claim and delivery to recover possession from defendant of a certain cow and calf which plaintiff claimed to own. Plaintiff prayed for possession of the cow and calf or the value thereof in the sum of $125 in case possession could not be had. Defendant filed an answer to the complaint denying generally that plaintiff was the owner of such cow and calf and alleging that defendant had purchased the cow in question from the cross-defendant, Jack D. Noland, and prayed that said Jack D. Noland be made a party to the action.

Plaintiff and defendant entered into a stipulation reciting that a complete determination of the controversy could not be had without the presence of said Jack D. Noland in court as an additional party defendant, and that defendant should be permitted to file a cross-complaint naming the said Jack D. Noland as a cross-defendant. Whereupon the court, upon motion, made an order authorizing defendant to file a cross-complaint against Jack D. Noland as cross-defendant.

Defendant filed his cross-complaint against cross-defendant and therein alleged he purchased the identical cow claimed by plaintiff from cross-defendant and further alleged that cross-defendant ought to be required to stand any loss sustained by defendant if it should develop that said property was owned by plaintiff instead of cross-defendant at the time defendant purchased said property from cross-defendant; and prayed judgment in the sum of $500.

Cross-defendant, having been brought into the case by way of summons issued on the cross-complaint, moved the court to dismiss the cross-complaint and to

rescind the order making him a party to the action on the ground that he was neither a necessary or proper party thereto. Cross-defendant also filed a demurrer to the cross-complaint based generally on the same ground. The motion to dismiss defendant's cross-complaint and to rescind the order of the court making cross-defendant a party to the action was by the court denied. The demurrer to the cross-complaint was overruled.

Cross-defendant then filed answer to the cross-complaint denying generally the allegations thereof. Cross-defendant further alleged that he was a resident of the County of Jerome, State of Idaho, and that by being held as a party to this action he has been deprived of the right of trial in the county of his residence. In addition, cross-defendant filed an answer to plaintiff's complaint generally denying the allegations thereof.

The cause was tried to the court sitting with a jury. The jury returned a general verdict in favor of plaintiff against defendant for the possession of the cow and calf and awarded plaintiff damages against defendant in the sum of $81. The jury, by its verdict, found in favor of cross-complainant against cross-defendant and awarded damages in the sum of $400. The jury answered special interrogatories finding the value of the cow to be $130 and the value of the calf to be $95.

Cross-defendant, after the bringing in of the verdict, moved the court to reduce the sum of $400 damages found by the jury to the sum of $306 being the amount found on the interrogatories as the value of the cow and the calf plus the $81 damages. Defendant having consented in writing to the granting of said motion and to said amendment reducing the amount of said verdict to $306, such motion was granted and judgment entered accordingly. Cross-defendant in the meantime amended his motion asking that the judgment to be entered be not in excess of the sum of $165, which amended motion was by the court denied.

The judgment of the court provided for the recovery of possession of the cow and calf by the plaintiff but did not contain an award of damages in the sum of $81 as granted by the verdict of the jury. Thereafter, plaintiff moved that the judgment be amended to conform to the verdict by awarding damages to the plaintiff in the sum of $81. Over the objection of cross-defendant, the motion was allowed and the judgment amended accordingly.

Defendant did not appeal. Cross-defendant appealed from the judgment against him in favor of defendant and "from said portion of judgment in favor of the plaintiff" against defendant in so far as the same "constitutes an adjudication of any matter of fact or law" be-

tween the defendant and cross-defendant; and such appeal is further taken from any and all order and rulings of the court subsequent to the original judgment.

The facts in this case are not complicated. Plaintiff, Dean Gooding, since 1950, has been the owner of a herd of white-faced cattle which have been pastured on the range in Gooding County. On April 18, 1953, defendant, Luther Koonce, purchased a number of cows and calves from cross-defendant, Jack D. Noland. Koonce pastured the purchased cattle and others either under fence or on range adjacent to the range of plaintiff until October, 1953. At such time, plaintiff found the cow in question in the possession of Koonce and bearing a fresh Koonce brand. The cow had with her a three or four months old calf. The cow also bore plaintiff's brand and plaintiff claimed ownership of the cow and calf.

Defendant Koonce claims that such cow was among the herd of cows purchased by him from cross-defendant Noland in April, 1953. Cross-defendant Noland apparently takes the position that the cow in question was not one of the cows sold by him to defendant Koonce.

The most serious contention made by cross-defendant on this appeal is that the trial court erred in bringing in cross-defendant as a party and in refusing to rescind such order and to strike the cross-complaint and to dismiss cross-defendant from the action. Generally, where a defendant has a "right over" against a third party in the event defendant is held liable to the plaintiff and the liability of the third party is not connected with plaintiff's cause of action or the subject matter thereof, defendant is not entitled to have such third party brought into the suit by way of cross-complaint and to require the rights between defendant and such third party to be litigated in such action. Such procedure is not recognized in this jurisdiction by statute or by rules of practice. We have recently in effect so held in Thompson v. Liberty National Insurance Co., 78 Idaho 381, 304 P.2d 910. See also, Smith v. Kagey, 146 Kan. 563, 73 P.2d 56; State Nat. Bank v. Central Nat. Bank, 146 Okl. 142, 293 P. 1007; Poteet v. Simmons, 171 Kan. 86, 229 P.2d 747; Volta v. Markovitz Bros., 351 Pa. 243, 40 A.2d 388; Moore v. Massengill, 227 N.C. 244, 41 S.E.2d 655, 170 A.L.R. 147; 67 C. J.S., Parties, § 74(j) p. 1033.

Such rule, however, is not fully decisive of the instant case. While the cross-defendant was neither a necessary nor indispensable party, the real question is, did the bringing in of the cross-defendant and the litigation of the issues between defendant and cross-defendant result in prejudicial error?

So far as the rights of plaintiff were concerned, plaintiff not only did not ob-

ject to the bringing in of the cross-defendant, but entered into a stipulation, in effect, requesting the court to bring the cross-defendant into the action.

An action in claim and delivery is not only for the possession of the property in question but is for the value of the property in case delivery cannot be had. Any person who participated in the wrongful taking or withholding of the property is a proper party defendant and may be joined in said action, although not in possession of or making any claim to the property involved. Gordan v. Briody, 170 Or. 410, 134 P.2d 431, 145 A.L.R. 898; Bates v. Capital State Bank, 21 Idaho 141, 121 P. 561; Oaks v. American Surety Co. of N. Y., 58 Idaho 482, 76 P.2d 932; Preston A. Blair Co. v. Rose, 56 Idaho 114, 51 P.2d 209; Annotation 145 A.L.R. 914. Cross-defendant could properly have been made a party defendant in plaintiff's original suit.

Cross-defendant saw fit to answer the complaint of the plaintiff and alleged therein "and that this Answer to said Complaint is filed for the purpose of being permitted to participate in any and all matters effecting said cause of action, including cross-examination of any and all adverse parties and their witnesses on the trial of said action on the merits."

The cause was fairly litigated between all parties concerned and resulted in a transcript of some 564 pages. In view of the relationship of cross-defendant to the subject matter of the original cause of action and his affirmative participation in the trial of the issues between plaintiff and defendant, it does not appear that any useful purpose would be served by remanding the cause for a new trial on the ground of irregular procedure.

Cross-defendant further contends that the action of the trial court in bringing cross-defendant into the case resulted in denying cross-defendant the right of trial in Jerome County, the alleged county of his residence. Cross-defendant did not make a demand or motion for change of place of trial as required by statute. Assuming, but not holding, that he was entitled to a change of venue, he must be held to have waived such right by failing to comply with the statutes.

Cross-defendant complains that the court failed to instruct the jury that certain conversations introduced in evidence were only binding between plaintiff and defendant and were not binding on cross-defendant. The court repeatedly admonished the jury to the effect that such conversations were not binding on the cross-defendant. We find no merit in this contention.

Cross-defendant urges the court erred in denying his motion for a view of the property by the jury. Under the evi-

522

dence as to the property, it does not appear that the trial court abused its discretion in denying the motion. Section 10-209, I.C.; Hughes v. Hudelson, 67 Idaho 10, 169 P.2d 712.

■ The objection of cross-defendant is well taken to the allowance of $81 damages to plaintiff against defendant and the inclusion of the same as part of defendant's damages under his cross-complaint. There is no evidence whatever in the transcript to sustain the allowance of such damages. The judgment should be modified by striking $81 from the $306 damages allowed defendant against the cross-defendant.

We have examined and considered the other assignments of error made by cross-defendant and do not find any of same sufficiently meritorious to show reversible error or to require discussion.

The judgment of the trial court is modified by reducing the $306 damages allowed defendant against cross-defendant by the sum of $81, and as modified, is affirmed. Costs awarded to respondents.

KEETON, C. J., and TAYLOR and SMITH, JJ., concur.

The late Justice ANDERSON sat at the hearing but died before final decision of the cause.